PHŒNIX INSURANCE COMPANY OF HARTFORD *v.* ASBERRY.

A conveyance of real estate by a debtor to a creditor, under section 1969 of the code, is an alienation of the property, operates to pass the title to the premises conveyed, and is not a mere incumbrance thereon. Hence, where a policy of insurance covering a building on the premises is issued, containing a condition that the policy shall be void if the property should be sold, or the title or possession of the property, or any part thereof, transferred or changed, whether by legal process, judicial decree, conveyance or otherwise; and where, pending such insurance, the holder of the policy thus conveys the property insured, the policy is thereby rendered void, and in case of loss the assured cannot maintain thereon an action against the insurer.

April 29, 1895. Brought forward from the last term. Code, §4271(a–c).

Action on insurance policy.  Before Judge Griggs. Terrell superior court.  May term, 1894.

Mynatt & Willcoxon, for plaintiff in error.

J. A. Laing and J. H. Guerry, *contra.*

Atkinson, Justice.

The plaintiff, being the owner of certain tenements situated upon real property belonging to him, procured the defendant, the insurance company, to issue its policy of insurance upon these tenements.  Among the conditions upon which the policy of insurance issued was the one, that if the property should be sold, or the title or possession of the property, or any part thereof, was transferred or changed, "whether by legal process, judicial decree, voluntary transfer, conveyence or otherwise, . . ." the policy was to be void.  Subsequently to the issuing of the policy of insurance containing this clause, the assured, in order to secure the payment of a debt due by him to another, made an absolute conveyance of the premises, including the property insured, to a third person, who in turn conveyed it to yet another.  This latter person executed in favor of the assured his bond for titles, conditioned to convey to him the premises described, upon condition that he should pay to the obligor in the bond a certain sum of money therein stated. According to the testimony of the plaintiff, both conveyances were executed in carrying into effect an arrangement by which the assured obtained from the person who executed the bond for titles a loan with which to pay a debt due by the assured to the person to whom he directly conveyed.  The insurance company had no notice of these conveyances, and did not consent to their execution.  Subsequently thereto, the tenements were destroyed by fire, and an action was brought upon the policy of insurance, alleging substantially a liability upon the part of the insurance company to the assured.

The defendant company pleaded, that at the time of the loss the assured was not the owner of the property insured, but that pending the insurance, in violation of the condition hereinbefore expressed, he had conveyed to another the premises insured, and thereby had avoided his policy of insurance. Upon the trial of the cause the court was requested to instruct the jury that the sale of the property insured to Mercer (who was the immediate grantee of the assured) without the consent of the defendant, the insuring company, reserving no right in the plaintiff, was a violation of the policy of insurance, and rendered the policy void. The court was further requested to charge the jury, that the deeds to Mercer and from Mercer to the bank (which bank was the obligor in the bond for titles back to the assured), followed by title bond from the bank to Asberry (who was the assured), was a total change of the title, and if done without the consent of the defendant, rendered the policy void. Exception is taken to the charge of the court, to the effect that if it was the intention of Mercer, the bank and Asberry to convey the title to the property, that would be an alienation of the property, and the defendant would not be liable; but if they simply intended it as a lien on the property to secure the payment of a debt, then it would not be an alienation of the property, and the defendant would be liable. So the question is presented, whether the conveyance executed in this case operated as an alienation of the title. We think this question is answered in the affirmative by the very terms of section 1969 of the code. The first conveyance was an absolute deed upon its face, and such an alienation of the title as that the vendee could have recovered in ejectment thereon as against the vendor. Assuming that the statements of the plaintiff's witnesses are true that it was designed as a security for a debt, upon the execution of the absolute deed it left

in the grantor only the equity of redemption, of which he could avail himself only by the payment of the debt intended to be secured. We think both conveyances together, the one from the assured to Mercer, and from Mercer to the bank, with the bond for titles back from the bank to the assured, constitute the execution of just such a conveyance as is contemplated by section 1969 of the code. It is a conveyance to secure a debt. The purpose in the minds of the parties to the transaction must be of necessity to secure a debt, and yet this section of the code provides that such a deed shall operate as an absolute conveyance, and shall be so held by the courts of this State, with a right reserved only in the vendor to have the property reconveyed to him upon the payment of the debt or debts secured, and that the same shall not be held to be a mortgage. Accordingly, it has been held that where land is conveyed under this section of the code, the homestead right of the vendor does not attach in favor of himself or his family (55 *Ga.* 691; 58 *Ga.* 459); that such a deed passes the legal title and will support a recovery in ejectment. 67 *Ga.* 502. A title acquired under this section by conveyance is not divested by bankruptcy. 61 *Ga.* 400. The radical point of difference between conveyances of the character here under consideration, when executed for the purpose of securing the payment of a debt, and an ordinary mortgage, consists in the fact that by the express terms of the code an instrument in the form of the latter is a mere security for the payment of a debt and passes no title to the property covered thereby; whereas a conveyance such as we are now considering, by terms of the code equally express, operates as a deed, and its character as a mortgage is expressly denied. We think that, aside from the stipulations contained in the policy against the alienation of the property by the assured pending the insurance, the form of conveyance here employed

by the parties to this transaction constitutes, in the language of section 2807 of the code, an alienation of the property insured without the consent of the insurer, which avoids the policy of insurance. It is not the mere creation of a lien upon the property; it does not purport to be, and has not that legal effect. It is something more than a mere lien; it is an alienation. We think therefore the court erred in refusing to grant the new trial moved for in this case, and its judgment is accordingly                                    *Reversed.*