## 1201.  WIDINCAMP *v.* PHENIX INSURANCE COMPANY OF BROOKLYN.

Where a policy of fire insurance provides that "this entire policy, unless
   otherwise provided by agreement endorsed hereon or added hereto, shall
   be void  .  .  if any change, other than by the death of an insured,.
   take place in the interest, title, or possession of the subject of insurance,.
   except change of occupants without increase of hazard," and subse-
   quently to the issuance of the policy the insured, without the consent.
   of the insurance company, executed to a third person a bond for title
   to the property, received a part of the purchase-price and delivered
   possession, a change of interest in the subject of the insurance was
   effected, and the policy became void.

Action on policy, from city court of Reidsville—Judge Morgan..
March 3, 1908. ·

Argued July 16,—Decided September 28, 1908.

Widincamp procured from the defendant insurance company
a policy in the sum of $1,500, insuring his house, worth $3,000,.
against loss by fire.   The policy contained the following provisions:
"This entire policy, unless otherwise provided by agreement en-
dorsed hereon or added hereto, shall be void  .  .  if any change,.
other than by the death of an insured, take place in the interest,
title, or possession of the subject of insurance (except change of
occupants without increase of hazard), whether by legal process
or judgment or by voluntary act of the insured, or otherwise."
Widincamp made an executory sale of the property to one Smith
and gave him a bond for title.   Smith was in possession of the
property at the time of the fire, and had paid a portion of the
purchase-price; though the record does not disclose how much.   In
an action upon the policy, these facts appearing, the court, on
demurrer, gave judgment in favor of the defendant.

*W. T. Burkhalter*, for plaintiff.

*Slaton & Phillips, Warnell & Anderson*, for defendant.

POWELL, J.   (After stating the foregoing facts.)

The effect of the insured's giving a bond for title, accepting

a portion of the purchase-price, and admitting the vendee into possession was that the insured retained the legal title to the property, and the vendee acquired an equitable estate. As to such a transaction, it is a settled rule of law that an equitable conversion takes place, and the property is treated, for most purposes, as if the legal title had passed; for example, the property descends to the vendee's heirs as realty; while the vendor's interest, that is, his right to have the purchase-money and to hold the legal title as security therefor, goes to the vendor's personal representative. The vendee in equity is looked upon and treated as the owner of the land. Vancouver Bank *v.* Ins. Co., 153 Fed. 447; Pomeroy's Eq. Juris. § 368. Under such circumstances, both vendor and vendee have an insurable interest in the property. While the proposition is well established by authority, that, in the light of the rule which provides that the policy will be strictly construed against the insurer to prevent a forfeiture, such a transaction would not violate a provision in a policy contracting against a change of title only, the language here is broader,—the "interest" of the insured must not change. The word "interest," as applied to property, is broader than the word title. It is practically synonymous with the word "estate." In *Lowery* v. *Powell,* 109 *Ga.* 194 (34 S. E. 297), quoting from Anderson's Law Dictionary, Justice Little says, "An estate is defined to be the quantity of *interest* which a person has, . . from absolute ownership down to naked possession." After a study of the authorities, we find no case holding that, under a policy in which the provision against alienation is as broad as the one sub judice, the insurance is not voided by a sale of the property, accompanied by delivery of possession and the receipt of part of the purchase-price, although the insured retains the legal title. The following cases hold that in such a case the insurance becomes void. Ladd *v.* Ætna Ins. Co., 70 Hun, 490; Gibb *v.* Philadelphia Ins. Co., 59 Minn. 267 (50 Am. St. R. 405, 61 N. W. 137); Webb *v.* Webb, 92 Md. 101 (48 Atl. 95, 84 Am. St. R. 499). The principle is also recognized in the case of Arkansas Ins. Co. *v.* Wilson, 67 Ark. 553 (77 Am. St. R. 129, 48 L. R. A. 510, 55 S. W. 933). Cases apparently to the contrary easily distinguish themselves upon close examination, either through the fact that the provisions in the policy there under consideration are not so broad as the present

one, or that the transactions in the particular instances did not progress far enough to place any of the insured's former interest into the third person. An insurance company which is willing to write a policy of $1,500 on a house in which the insured has an interest to the extent of $3,000, that is to say, is willing to carry half the risk if the insured himself will carry the other half, should not, if it writes such a policy and carefully provides against any change of that interest, be held to the contract if the insured, without its knowledge and consent, divests himself of all or any material part of that interest which it was contemplated he should have and retain in the risk. The rule may work individual hardships, but there is nothing inherently wrong in it; and in most cases it is very useful to the protection of insurers, and indeed to the public safety itself.    *Judgment affirmed.*