### WATTS *v.* PHENIX INSURANCE COMPANY.

FISH, C. J.　A fire policy on a storehouse recited that it was made subject to the following stipulations and conditions, among others: that the entire policy should be void "if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; or if any change, other than by death of the insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or voluntary act of the insured, or otherwise." When the policy was issued the insured was the sole owner, in fee, of both the building and the land upon which it was situated. Subsequently, and without the consent of the insurance company, he sold and conveyed, in fee, to another an undivided one-half interest in the land upon which the building

was situated, the deed reciting that the grantor reserved "full title to the storehouse now on said lot with the right to remove the same without let or hindrance from" the grantee. Such was the status of affairs when, during the life of the policy, the building was destroyed by fire. *Held,* that such sale and conveyance constituted such a change in the interest of the insured in the building as voided the policy.

*Judgment affirmed. All the Justices concur.*

June 30, 1910.

Action upon insurance policy. Before Judge Reagan. Butts superior court. March 29, 1909.

*John R. L. Smith,* for plaintiff.

*Slaton & Phillips,* for defendant.