ATHENS MUTUAL INSURANCE COMPANY *v.* EVANS, for use, etc.

HOLDEN, J. Evans brought suit on a policy of fire insurance, making, among others, substantially the following allegations in the original petition and the amendment thereto: The house insured was erected for him by a firm of contractors, with the understanding they were to have deed to the same to secure the amount due them for building it. This deed, which was made after the policy was issued, was void because the debt to secure which it was given was infected with usury. Pending the suit, Evans assigned the policy to the contractors, and the suit was

amended so as to proceed in the name of Evans for their use. The plaintiff prayed for a recovery of the amount of the policy, and in an amendment prayed for a reformation of it so that its provisions would conform to an alleged agreement between Evans and the agent issuing the policy, made when the policy was issued, as to what its provisions should be. The insurer pleaded, among other things, that the policy was void because of the execution of the deed, by reason of certain stipulations in the policy. The jury rendered the following verdict: "We, the jury, find for the plaintiff, principal $500.00, interest $80.69, making a total of $580.69," upon which a judgment was rendered providing that the plaintiff recover of the defendant the amounts named in the verdict and costs. *Held:*

1. There was no error in overruling the demurrer.

2. The fact that pending the suit the policy was transferred to the contractors to secure the debt to secure which the deed was given, and that the suit proceeded by amendment in the name of Evans for their use, did not prevent the plaintiff from showing the deed to be void for usury.

3. The testimony of a member of the firm of contractors above referred to was as follows: They agreed to build the house "for the actual costs of materials and labor with no charge for our services." We delivered the house to Evans, Dec. 1, 1906, when he owed us $698.52 "for cost of labor and material," less a credit of $50. $6.48 was added as interest from December 1st to December 31st, 1906, when Evans gave his note for $655 and the deed to secure it. "We charged one per cent. for December 1st to December 31st. Evans and we agreed that $655.00 was the cost of building the house and was the amount due us. We had no written contract. The verbal agreement was that he was to have us build him a house and he be allowed to pay for it in monthly installments of $10. Closed this agreement by taking a note for the whole amount; made no new agreement. I told him he owed $655, and he agreed to pay it and gave his note for it. These are the original figures on which the settlement was made Dec. 31st. They show the settlement." There was introduced in evidence an itemized statement of an account for labor and material in favor of the contractors, showing amount due Dec. 1, 1906 (after deducting a credit of $50 paid Oct. 16, 1906), to be $648.52, and showing that there was added to this amount $6.48 as interest for one month, and that the amount due December 31, 1906, was $655. *Held,* that this testimony was sufficient to authorize the jury to find that the note to secure which the deed was given contained usury, and that the deed was void.

4. Where a policy of fire insurance provides that "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, if any change, other than by death of an insured, take place in the interest, title, or possession of the subject of the insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise." and after the issuance of the policy a deed is made by the insurer to his creditor to secure a debt, without the agreement referred to above being endorsed on or added to the policy, such deed does not vitiate the policy if the deed is void for usury. *Phœnix Ins. Co. v. Asbury,* 102 *Ga.* 565 (27 S. E. 667).

5. The evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur.*

July 13, 1911.

Action upon insurance policy. Before Judge Meadow. Taliaferro superior court. April 4, 1910.

*T. S. Mell,* for plaintiff in error.  *S. H. Sibley,* contra.