# 32

## 18638. NORTHWESTERN FIRE & MARINE INSURANCE CO. v. BANK OF THOMASVILLE et al.

BROYLES, C. J. 1. Where a motion for a new trial is pending in the trial court, the movant can not bring to this court a direct bill of exceptions complaining of rulings made upon the trial, and of the verdict and the judgment based thereon. *Kelly & Jones Co.* v. *Moore*, 125 *Ga.* 382 (54 S. E. 118). That ruling, however, is not applicable to a case where the pending motion for a new trial was not filed within thirty days from the date of the trial, the term of the court lasting longer than thirty days. In such a case the motion for a new trial is void and there is no motion pending. See, in this connection, Civil Code (1910), § 6089; *Josey* v. *Groves*, 138 *Ga.* 317 (75 S. E. 135). Under the ruling just made, this court has jurisdiction of the instant case and the motion to dismiss the writ of error is denied.

2. Where a policy of fire-insurance provides that it shall be void if any change, other than by the death of the insured, take place in the interest, title, or possession of the subject of insurance, and where the interest or title of the insured was the equitable title to the property insured, remaining in him after he had executed a security deed conveying the property to a life-insurance company (its interest being covered by a "New York standard mortgagee clause" attached to the policy of fire insurance), and received from the life-insurance company a bond to reconvey him the title on payment of the loan, and where the insured, before the date of the fire, and without the knowledge or consent of the fire-insurance company, transferred and assigned the bond for title to third persons, a change in his interest (if not in his title) in the property insured had taken place, and the policy of insurance, under its provisions, had become void, and the assignees of the bond for title could not maintain an action on the policy. This is true although the bond for title was assigned for the purpose of securing a debt of the insured to the assignees. See, in this connection, *Guaranty Investment Co.* v. *Athens Engineering Co.*, 152 *Ga.* 596 (2) (110 S. E. 873); *Phœnix Insurance Co.* v. *Asberry*, 95 *Ga.* 792 (22 S. E. 717); *Athens Mutual Ins. Co.* v. *Evans*, 132 *Ga.* 703 (64 S. E. 993); *Widincamp* v. *Phenix Insurance Co.*, 4 *Ga. App.* 759 (62 S. E. 478). After the insured had conveyed the property by security deed to the life-insurance company, and received from it a bond to reconvey the title, he had no title, but merely a right to a reconveyance of the title on payment of the debt (*Wood* v. *Dozier*, 142 *Ga.* 538, 540, 83 S. E. 133), and that right was fully and effectually acquired by the assignees of the bond for title. The cases cited by counsel for the defendant in error dealing with ineffectual attempts to transfer and assign deeds are not applicable to transfers and assignments of bonds for title.

3. Under the above-stated rulings a finding in favor of the defendant was demanded, and the court (sitting without a jury) erred in rendering a judgment for the plaintiff. As this ruling is controlling in the case, the other assignments of error in the bill of exceptions are not considered.

*Judgment reversed. Bloodworth, J., concurs, Luke, J., disqualified.*

DECIDED MARCH 7, 1928.

*Smith, Hammond & Smith, J. J. Hill, J. O. Gibson,* for plaintiff in error.

*James L. Dowling,* contra.