660

Broyles, C. J. 1. "In a suit upon a policy of fire insurance it is incumbent upon the plaintiff to allege in his petition that the property destroyed by fire belonged to him, or that he had some insurable interest therein, *at the time of the fire.* (Italics ours.) . . Where the petition contains no such allegation, no cause of action is set forth." *Northwestern National Ins. Co.* v. *Southern States Phosphate &c. Co.,* 20 *Ga. App.* 506 (1, 1-*a*) (93 S. E. 157).

2. In the instant case the plaintiff in his petition alleged in substance that the automobile insured was his property on the date of issuance of the policy of insurance, to wit on September 24, 1926. He further alleged that the automobile was damaged and completely destroyed by fire on or about April 9, 1927. However, the petition failed to allege that the plaintiff owned the automobile *at the time of the fire,* or that he had some insurable interest therein at that time. The petition failed not only definitely to allege ownership of the property by the plaintiff at the time of the fire, but also failed to allege possession thereof by the plaintiff at that time. Had the petition alleged such possession, that allegation, together with the other facts alleged, possibly might have saved the petition from being subject to general demurrer, for possession by the plaintiff of the property at the time of the fire, coupled with a bona fide claim of right thereto, "would doubtless raise in his behalf a presumption of ownership." *Morris* v. *Imperial Ins. Co.,* 106 *Ga.* 461, 463, bottom of page (32 S. E. 595). It was, however, essential for the plaintiff, in order to set forth a cause of action, to show or allege in his petition that the property insured belonged to him at the time it was destroyed by fire, or that he had some insurable interest therein at that time. *Morris* v. *Imperial Ins. Co.,* supra, 464 (top of page). It follows that the petition failed to set out a cause of action, and the court erred in overruling the defendant's motion (made at the trial term) to dismiss the petition on the ground "that the plaintiff failed to allege in his petition that the subject of insurance belonged to him or that he had any interest therein at the time of the alleged destruction of same."

3. The error pointed out in the preceding paragraph rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

Decided October 2, 1928.

*Underwood, Haas & Gambrell, R. Emerson Gardner,* for plaintiff in error.

*Sibley & Sibley,* contra.