## 20011. McCOY v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.

BELL, J. 1. Where the vendor of personal property held under a conditional sale delivered the property to another person under an agreement whereby the latter was to pay the remaining installments of the purchase-money due to the original vendor and also a certain sum to such vendee, and in the event of default the amounts paid up to that time

were to be retained as rental of the property and no interest whatever was to vest in the person who thus assumed to make such payments until he had made them, there was such a change in the nature of the interest of the vendee as an assured as to void a policy of insurance upon the property providing that the entire policy would be void "in case of any change in the nature of the insurable interest of the assured in the property described herein, either by sale or otherwise." *Hartford Fire Ins. Co.* v. *Liddell* 130 *Ga.* 8 (60 S. E. 104, 14 L. R. A. (N. S.) 168, 124 Am. St. R. 157); *Deariso* v. *Lawrence*, 3 *Ga. App.* 580 (3), 582 (60 S. E. 330); *Widincamp* v. *Phenix Ins. Co.*, 4 *Ga. App.* 759 (62 S. E. 478); *Mathewson* v. *Brigman Motors Co.*, 23 *Ga. App.* 304 (2) (98 S. E. 98); *Brooks* v. *Folds*, 33 *Ga. App.* 409 (126 S. E. 554); *Miller* v. *First National Bank*, 35 *Ga. App.* 334 (132 S. E. 783); *Standard Motors Finance Co.* v. *O'Neal*, 35 *Ga. App.* 727 (2) (134 S. E. 843); *Colonial Hill Co.* v. *Greenoe*, 35 *Ga. App.* 698 (134 S. E. 633); *Motors Mortgage Corp.* v. *Purchase-Money Note Co.*, 38 *Ga. App.* 222 (143 S. E. 459).

2. The petition with the proffered amendment added would have failed to set forth a cause of action, and therefore it was not error to disallow the amendment and to dismiss the petition.

3. The plaintiff having prosecuted the case to a verdict and judgment in his favor, on a petition which was fatally defective as failing to set forth a cause of action, and this court upon a review of the case having reversed the judgment of the trial court overruling a general demurrer, upon the subsequent dismissal of the petition in accordance with the remittitur from this court, the court below properly taxed the costs of the entire proceeding against the plaintiff, notwithstanding this court had made no ruling with reference to the motion for a new trial, other than to hold that the erroneous overruling of the general demurrer rendered the further proceedings nugatory. S. c. 38 *Ga. App.* 660 (145 S. E. 100).

*Judgment affirmed. Jenkins P. J., and Stephens, J., concur.*

DECIDED JUNE 13, 1930.

*Sibley & Sibley,* for plaintiff.

*Underwood, Haas & Gambrell, R. Emerson Gardner,* for defendant.