20052, 20065.  SECURITY INSURANCE COMPANY *v.* JACKSON *et al.;* and *vice versa.*

14

DECIDED MARCH 31, 1931. REHEARING DENIED APRIL 14, 1931.

*George B. Rush,* for insurance company.

*Etheridge, Peck & Etheridge, Hewitt W. Chambers,* contra.

BROYLES, C. J. ■ Under the decision of the Supreme Court in this case (171 *Ga.* 891, 157 S. E. 93), the refusal of the trial judge to dismiss the motion 'for a new trial was not error. The former judgments of this court in this case (40 *Ga. App.* 688, 151 S. E. 410), reversing that judgment of the trial court (excepted to in the cross-bill of exceptions), and dismissing the main bill of exceptions, are hereby vacated.

■ This was a suit on a policy of fire insurance covering a certain building. The policy provided that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . if the subject of insurance be a building on ground not owned by the insured in fee simple." The petition stated that the insured (two persons) were the owners of the building covered by the insurance policy sued on, but failed to allege that they had a fee simple ownership in the land on which the building stood. In fact, as to the ownership of the land the petition was as silent "as a painted ship upon a painted ocean."

The defendant insurance company interposed a demurrer to the petition, the first, second, and eighth paragraphs of the demurrer being as follows:

"1. Said petition does not set out any cause of action against this defendant and should be dismissed.

"2. Said petition shows. on its face that the policy of insurance is void and has never been of any force and effect, for that it is not shown that the fee-simple title to the property on which the house alleged to have been burned was located was in the plaintiffs, and under the terms of said policy, if the fee-simple title to said property was not in plaintiffs, the policy is and was void."

"3. The allegations of paragraph 10 are not specific and do not show that the plaintiffs are the owners in fee-simple of said property as would entitle them to recover under said policy." Paragraph 10 of the petition is as follows: "Petitioners show that the time the insurance policy was written, they were joint owners of the property insured, and there was no change of ownership of or relationship of the parties between the date of the issuance of the policy and the date of the fire; but that the policy was issued to petitioners with conditions of ownership the same at all times."

These three grounds of the demurrer were overruled by the court, and timely exceptions taken. The petition was not amended to meet these grounds of demurrer, and there was no allegation in the petition that the insurance company or any of its agents knew at the time of the issuance of the policy sued on that the insured did not own the land in fee simple; nor was there any allegation in the petition as finally amended that the company had waived that provision of the policy.

The petition was subject to the above-quoted grounds of demurrer, and should have been dismissed if not amended to meet them. See, in this connection, *Palatine Ins. Co.* v. *Dickenson,* 116 *Ga.* 794 (43 S. E. 52); *Fox* v. *Queen Ins. Co.,* 124 *Ga.* 948 (53 S. E. 271), and authority cited in headnotes 1 and 2 of this case.

The error in the judgment upon the demurrer rendered the further proceedings on the trial nugatory.

*Judgment reversed on the main-bill of exceptions; affirmed on the cross-bill. Luke and Bloodworth, JJ., concur.*