22523, 22572.   HURLEY *et al. v.* NATIONAL-BEN FRANKLIN FIRE INSURANCE COMPANY; and *vice versa.*

DECIDED FEBRUARY 14, 1933.   REHEARING DENIED MARCH 3, 1933.

*W. A. Slaton,* for plaintiffs.

*Earle Norman, Smith, Hammond, Smith & Bloodworth,* for defendant.

SUTTON, J. This was a suit on a fire-insurance policy. Upon the conclusion of the evidence the court directed a verdict for the insurance company. There was evidence in the case tending to establish these facts: A husband held the fee-simple title to premises and a house was built thereon, costing about $2,900, the wife furnishing about $500 of the money with which to build the same. On April 9, 1931, the wife executed to another a deed conveying the premises on which the house was built to secure a debt of $65. This deed was made without the knowledge or consent of the husband. On April 21, 1931, a policy of fire insurance was issued, insuring the wife against loss of said house by fire in the sum of $2,000, the policy describing the property insured as "the one-story frame building with shingle roof occupied by the owner as a dwelling house," and stipulating that "This entire policy shall be void . . if the interest of the insured in the property be not truly stated herein," and that "This entire policy shall be void . . if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple, . . or if any change, other than by the death of the insured, take place in the interest, title, or possession of the subject of insurance, . . whether by legal process or by voluntary act of the insured or otherwise." The insurer had no knowledge of the existence of the above security deed. On August 1, 1931, by endorsement, the amount of the policy was reduced to $1,250, and the same was made payable to both the husband and the wife in case of loss, the husband stating to the agent of the insurer at the time of the change that he and his wife owned the house together. On August 19, 1931, a fire completely destroyed the house. The insurer refused payment, on the grounds that the interest of the wife in the subject of insurance was not truly stated in the policy, and that the ownership of the property insured was not sole and unconditional, by reason of the above-mentioned security deed.

■ It is contended that the wife did not have an insurable in-

terest in the property and that the interest of the insured was not truly stated in the policy, and therefore, under section 2472 of the Civil Code and the provisions in said policy, that it should be void if the interest of the insured in the property was not truly stated therein, the plaintiffs were not entitled to recover. We can not agree with this contention. The wife had an equitable interest in the house, which interest was recognized by the husband. This equitable interest, together with the legal title held by the husband, constituted a complete fee-simple title in the house and premises in the insured, and sufficiently met the requirements of the policy that the property insured be on premises owned by the insured in fee simple, that the interest of the insured therein be truly stated, and that the ownership of the insured be sole and unconditional. It is undoubtedly true that the interest of the wife in the property was not truly stated and was not sole and unconditional, as the policy stood prior to the endorsement made on August 1, 1931. However, when this was done, taking both the interest of the wife and the interest of the husband together, they being the insured, their title to the property was sole and unconditional.

The rule as to what constitutes an insurable interest seems to be that where a party will suffer a pecuniary loss from the destruction of the subject-matter of insurance, he has an insurable interest therein. The funds of the wife were used by the husband in the construction of the house on premises owned by him in fee simple. The husband agreed with his wife that she should have an interest in the house to the extent of the money furnished by her, and so stated to the agent of the insurer when the endorsement of August 1, 1931, was made, but had never made a deed to her. The husband and wife together, with their children, were living upon the property at the time of the fire. In these circumstances it could hardly be said that the wife did not have an insurable interest in the property insured. See Hawkins v. Southwestern Mut. Fire Ins. Co., 80 W. Va. 773 (93 S. E. 873); Kludt v. German Mut. Fire Ins. Co., 152 Wis. 637 (140 N. W. 321, 45 L. R. A. (N. S.) 1131, Ann. Cas. 1914C, 609; Farmers' Mutual Fire Ins. Co. v. Fogelman, 35 Mich. 481; Travis v. Continental Ins. Co., 32 Mo. App. 198; Ætna Ins. Co. v. Foster, 43 Ga. App. 658 (159 S. E. 882).

The wife did not have title to the property, but had only an equitable interest or claim for the amount of her money used in the con-

struction of the dwelling, although she attempted to convey the title thereto by the deed to secure said debt of $65. This conveyance was void and the grantee therein obtained no title to the premises, as the husband held the record fee-simple title and this deed was made without his knowledge or consent. It is a well-settled principle of law that a void conveyance does not render void a policy of fire insurance which contains a sole and unconditional ownership clause, as in the policy dealt with. 26 C. J. 231; *Athens Mutual Fire Ins. Co.* v. *Evans,* 136 *Ga.* 584; *Phœnix Ins. Co.* v. *Asbury,* 102 *Ga.* 565 (27 S. E. 667); *American Ins. Co.* v. *Bagley,* 6 *Ga. App.* 736 (65 S. E. 787). It follows that the court erred in directing a verdict for the insurance company and in admitting in evidence, over objection of the plaintiffs, the void security deed from the wife.

■ At the conclusion of the evidence the insurance company made an oral motion to dismiss the plaintiffs' petition, on the ground that it set forth no cause of action, in that it did not allege title and ownership of the property insured in plaintiffs. The court overruled this motion, and to this judgment the defendant excepts in the cross-bill of exceptions. The petition set up that the fire insurance covered "the residence of your petitioners." The attached copy of the policy stated that the insured was the "owner" of the subject of insurance. The petition set up that when plaintiffs were absent "from the premises . . the property insured by said policy was destroyed by fire," causing loss and damage "to your petitioners." The copy of the policy attached to the petition did not contain a provision that the entire policy should be void if the subject of insurance be a building on ground not owned by the insured in fee simple, nor did it contain a sole and unconditional ownership provision. The defendant did not demur to the petition. It filed an answer 'in which it denied that the copy of the policy attached to the petition was a true and correct one, and by an amendment to the answer set up that the copy should have embodied therein the above provision as to the ownership in fee simple of the premises on which the property insured stood and as to sole and unconditional ownership. The case proceeded to trial with the pleadings in this state. A deed was introduced in evidence, which conveyed to the husband the fee-simple title to the premises. The husband testified that he and his wife owned the house together, she having furnished part of the money with which to build it. The

husband also testified that he was living in the house and that it was the family home at the time the fire occurred, but that at the time, his wife had gone to Atlanta, and he and his children were at a club meeting.

The general allegations of the petition that the property insured was the residence of the plaintiffs and that its destruction by fire damaged them, and the recital in the copy of the policy attached thereto that the insured owned the property, were sufficient to show that the insured owned the property and had an insurable interest therein; and the rulings in *Northwestern National Ins. Co.* v. *Southern States Phosphate &c. Co.*, 20 *Ga. App.* 506 (1-a) (93 S. E. 157), and *St. Paul Fire & Marine Ins. Co.* v. *McCoy*, 38 *Ga. App.* 660 (145 S. E. 100), are not applicable to this case, which is distinguishable also from that of *Security Ins. Co.* v. *Jackson*, 43 *Ga. App.* 13 (158 S. E. 457), where the copy of the policy attached to the petition contained the provision that it should be void unless the building was on ground owned by the insured in fee simple, while in the instant case the copy of the policy attached to the petition did not contain any such provision. Moreover, from what is said above and by reason of the proof in the case, unobjected to by the defendant, that the house was on premises owned by the husband in fee simple, that the husband and wife owned the house together, and that it was their residence at the time of the endorsement of August 1, 1931, and at the time of the fire, the court properly overruled the motion to dismiss the case because the petition did not set forth a cause of action, in that it did not allege title and ownership of the property insured in plaintiffs.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Jenkins, P. J., and Stephens, J., concur.*