23606. HURLEY *v.* GIRARD FIRE & MARINE INSURANCE COMPANY.

SUTTON, J. A policy of fire-insurance containing a clause that it shall be void if the interest of the insured in the subject of the insurance be not truly stated or if the interest of the insured be other than sole and unconditional ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, or if any change take place in the interest, title or possession of the subject of insurance, was taken out by John Hurley, in his own name alone, on a house on premises which he represented to belong to him and to be on land owned by him in fee simple. At the time he procured the insurance his wife had an equitable interest in the house, which was recognized by the insured, and thereafter the property was encumbered with a security deed executed by the wife of the insured with his knowledge and consent, and there was a fire which destroyed the subject of the insurance. The insured submitted proofs of loss, and the insurer refused payment, upon the ground that the policy was void for the above reasons. The insured brought suit, and upon the trial of the case the above facts appeared. The court directed a verdict for the defendant, and the plaintiff moved for a new trial, the motion was overruled, and the plaintiff excepted. *Held:*

(*a*) Taking both the interest of the wife and the interest of the husband together, their title to the property insured was sole and unconditional, and it necessarily follows that the interest of either alone in the subject of insurance was not sole and unconditional. *Hurley v. National Ben Franklin Fire Ins. Co.,* 46 *Ga. App.* 515 (167 S. E. 917).

(*b*) The policy in this case was in the name of John Hurley, and no men-

tion was therein made of the interest of his wife in the subject of insurance, and in these circumstances the interest of the husband in the property was not sole and unconditional, and a verdict for the insurance company that the policy was void was demanded. *Security Ins. Co.* v. *Jackson*, 43 *Ga. App.* 13 (158 S. E. 457); *Northwestern Fire &c. Ins. Co.* v. *Bank of Thomasville*, 38 *Ga. App.* 32 (142 S. E. 212).

(c) Where a policy of fire-insurance contains a condition that the policy shall be void if the property be sold, or the title or possession of the property transferred or changed, a conveyance by a deed to secure a debt is such a change of title or interest as to constitute a breach of such a condition in the policy and will render the policy void. *Phœnix Ins. Co.* v. *Asberry*, 95 *Ga.* 792 (22 S. E. 717); *Athens Mutual Ins. Co.* v. *Evans*, 132 *Ga.* 703 (64 S. E. 993); Civil Code (1910), § 2484. This is true although the conveyance is only of the equitable interest of the wife. *Watts* v. *Phenix Ins. Co.*, 134 *Ga.* 717 (68 S. E. 479). However, the deed made by the wife being of the entire title to the premises, with the knowledge and consent of the husband, Barnett, the grantee therein, could enforce the same against the property. *Georgia Pacific Ry. Co.* v. *Strickland*, 80 *Ga.* 776 (6 S. E. 27, 12 Am. St. R. 282); *Watkins* v. *Gilmore*, 130 *Ga.* 797 (62 S. E. 32).

(d) It follows that the court did not err in directing a verdict for the defendant insurance company, and in overruling plaintiff's motion for new trial.

*Judgment affirmed.* *Jenkins, P. J., concurs. Stephens, J., dissents.*

DECIDED SEPTEMBER 20, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*W. A. Slaton,* for plaintiff.

*Smith, Smith & Bloodworth, Earle Norman,* for defendant.

STEPHENS, J., dissenting. The brief of evidence in this case is the same as that in the case of *National Ben Franklin Fire Insurance Company* v. *Hurley,* ante, 815. The policy sued on in this case was in the name of John Hurley solely. For the reasons given in my opinion in the other case I am of the opinion that under the law and the evidence a verdict for the plaintiff was demanded, and the court erred in directing a verdict for the defendant.