## HURLEY v. GIRARD FIRE & MARINE INSURANCE CO.

PER CURIAM. This court is of the opinion that the decision of the Court of Appeals is correct, and that the judgment should be

*Affirmed.* All the Justices concur, except Hutcheson, J., who dissents.

No. 10561. JANUARY 15, 1936.

W. A. *Slaton,* for plaintiff.

*Smith, Smith & Bloodworth* and *Earle Norman,* for defendant.

HUTCHESON, Justice, dissenting. John Hurley filed in Wilkes superior court an action against Girard Fire and Marine Insurance Company on a policy of fire insurance. The record discloses that John Hurley purchased the land on which the dwelling insured was erected, from G. T. Anthony about 1908, went into possession, and constructed the dwelling in 1928. Willie Lou Hurley, his wife, expended about $500 of her money in the construction of the dwelling, but there was no conveyance by the husband to the wife, nor was there any agreement between them that any interest in the property should be conveyed to the wife by reason of her furnishing part of the money for the construction of the dwelling. The wife borrowed from Washington Loan & Banking Company $300, executed to the bank a deed to the property to secure the debt, and procured from the National Ben Franklin Fire Insurance Company a policy of fire insurance covering the dwelling, with loss payable to the bank. By endorsement this policy was also made payable to John Hurley as one of the insured. The wife also executed a deed to secure debt to E. A. Barnett, covering the same property. John Hurley knew of these conveyances by the wife to the bank and the issuance of the policy of fire insurance, but did not join in the conveyances. John Hurley procured from Girard Fire & Marine Insurance Company a policy of fire insurance in the sum of $750, payable to himself as sole owner of the property. The policy contained the provision: "This entire policy shall be void . . if the interest of the insured in the property be not truly stated herein. This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; . . or if any change, other than by the death of the insured, take place in the interest, title, or possession

of the subject of insurance . . whether by legal process or judgment, or by voluntary act of the insured, or otherwise." On the trial of the case the court directed a verdict in favor of the insurance company. The plaintiff carried the case to the Court of Appeals on exception to the overruling of a motion for new trial. The Court of Appeals affirmed the judgment of the court below. John Hurley filed a petition for certiorari, assigning error on the judgment of the Court of Appeals. Writ of certiorari was granted by this court.

The Court of Appeals held: "(a) Taking both the interest of the wife and the interest of the husband together, their title to the property insured was sole and unconditional, and it necessarily follows that the interest of either alone in the subject of insurance was not sole and unconditional. *Hurley* v. *National Ben Franklin Fire Ins. Co.*, 46 *Ga. App.* 515 (167 S. E. 917). (b) The policy in this case was in the name of John Hurley, and no mention was therein made of the interest of his wife in the subject of insurance, and in these circumstances the interest of the husband in the property was not sole and unconditional, and a verdict for the insurance company that the policy was void was demanded. *Security Ins. Co.* v. *Jackson*, 43 *Ga. App.* 13 (158 S. E. 457) ; *Northwestern Fire &c. Ins. Co.* v. *Bank of Thomasville*, 38 *Ga. App.* 32 (142 S. E. 212). (c) Where a policy of fire insurance contains a condition that the policy shall be void if the property be sold, or the title or possession of the property transferred or changed, a conveyance by a deed to secure a debt is such a change of title or interest as to constitute a breach of such a condition in the policy, and will render the policy void. *Phœnix Ins. Co.* v. *Asberry*, 95 *Ga.* 792 (22 S. E. 717) ; *Athens Mutual Ins. Co.* v. *Evans*, 132 *Ga.* 703 (64 S. E. 993) ; Civil Code (1910), § 2484. This is true although the conveyance is only of the equitable interest of the wife. *Watts* v. *Phœnix Ins. Co.*, 134 *Ga.* 717 (68 S. E. 479). However, the deed made by the wife being of the entire title to the premises, with the knowledge and consent of the husband, Barnett, the grantee therein, could enforce the same against the property. *Georgia Pacific Ry. Co.* v. *Strickland*, 80 *Ga.* 776 (6 S. E. 27, 12 Am. St. R. 282) ; *Watkins* v. *Gilmore*, 130 *Ga.* 797 (62 S. E. 32). (d) It follows that the court did not err in directing a verdict for the defendant insurance company, and in overruling plaintiff's motion for new trial."

A reading of the decisions cited by the Court of Appeals in its opinion will show that they were in cases where the insured, representing himself as the sole owner of the property, executed a security deed to the property prior to the issuance of the policy of fire insurance, or executed a security deed after the issuance of the policy without notifying the insurance company and securing a loss-payable clause endorsed on the policy; and the court correctly held in those cases that under the terms of the policy it was void, as the insured represented himself as the sole owner of the property, and there had been a change of ownership in the property; in 'either event the policy being void. In the instant case the insured represented himself as sole owner of the property, and the record and the evidence shows that he was sole owner at the time of the loss by fire of the property insured. His wife did execute a security deed to the property, and borrowed money on it, with the knowledge of her husband, but the husband did not join in these conveyances, and both he and his wife deny that the wife had any interest in the property by reason of the wife furnishing some of the money that went into the construction of the dwelling. There was no agreement to convey the property to her, and she did not expect it. A wife may give· property to her husband. Code of 1933, § 53-506. The evidence clearly authorizes the inference that the contributions which the wife made towards the construction of the dwelling were gifts to her husband, and that by reason of this contribution she acquired no legal or equitable interest in the property. There is no evidence tending to show any right, title, or interest in the property in the wife when she executed the security deeds to the bank and to Barnett. While Hurley's consent to his wife's. execution of this deed, in the execution of which he did not join, might perhaps estop him from asserting any right or title in the property as against the bank, he is not estopped as against the insurance company. In *Cain* v. *Busby,* 30 *Ga.* 714, this court held: "Although a party impliedly admit title to be in another, he may, notwithstanding, show that he had the title; and if he does, satisfactorily, his title will be protected against· such admission." And in *Murray* v. *Sells,* 53 *Ga.* 257 (5), it was held: "That one has been guilty of a fraud as to a particular parcel of land in his dealings with one person, so that as to this person he is estopped, does not estop him as to another person who is not a privy in estate with ·the first." See, to the

same effect, *Equitable Loan & Security Co.* v. *Lewman*, 124 *Ga.* 190 (2) (52 S. E. 599, 3 L. R. A. (N. S.) 879). It appears from the evidence that Hurley knew that his wife was executing the deed to the bank, and that he consented thereto; but he said nothing. This deed, in addition to containing a description of John Hurley's property, also contained a description, and passed title to Barnett, of other parcels of land which belonged to the wife. It does not appear that John Hurley knew that the deed contained a description of the particular property involved here; nor is the evidence conclusive that the bank knew that John Hurley consented to his wife's execution of the deed; it is at most merely inferable. Furthermore, estoppel is not a conveyance of title. It operates only to prevent a denial of title. *Coursey* v. *Coursey*, 141 *Ga.* 65 (80 S. E. 462) ; 21 C. J. 1201. John Hurley's title is not affected by this deed, in the absence of an adjudication to that effect between proper parties.

Under the pleadings and the evidence it appears that the policy was not voided by the provision contained therein with reference to sole ownership of the insured; and in my opinion the Court of Appeals erred in holding to the contrary.