*A. L. Miller,* for plaintiff. *E. L. Smith,* for defendant.

---

### 16970. MILLER *v.* FIRST NATIONAL BANK OF MADISON.

Where a promissory note stated that it was given for purchase-money of a described automobile owned by the maker of the note, and that "the title remains in the payee hereof until this note with interest and attorney's fees are paid in full," the note imported a contemporaneous conveyance of the automobile by the maker of the note to the payee, from whom the maker assumed to purchase it; and the reservation of title, being duly recorded, was effectual as against one who subsequently obtained judgment against the maker.

Under the undisputed facts in the case, a verdict in favor of the claimant was demanded.

DECIDED APRIL 20, 1926.

Claim; from city court of Madison—Judge Lambert. October 6, 1925.

The evidence in this case is undisputed. The attorney for the claimant, Mrs. Miller, testified: Mrs. Miller "wrote me that W. H. Malone owed her and she wanted it secured. I saw him and he said the only thing he had to secure her with was his automobile. I told him she would take title to it, and he gave her that paper." The paper referred to purports to be a purchase-money conditional-sale note, is dated July 27, 1922, and was duly recorded on August 5, 1922. It recites as follows: "This obligation is given for purchase-money of the following described property, to wit: one seven-passenger Buick automobile, model E-49, engine number 421930, being the car I have been driving and the only car I own. The title remains in the payee hereof until this note with interest and attorney's fees are paid in full." On August 12, 1922, a judgment in favor of the First National Bank of Madison was obtained against H. L. Malone, as principal, and the said W. H. Malone as indorser. An execution based thereon was, on October 4, 1922, levied on the automobile described in the conditional-sale note, and Mrs. Miller interposed a claim to the auto-

---

Contracts, 13 C. J. p. 521, n. 18; p. 523, n. 19; p. 527, n. 46; p. 784, n. 78.
Executions, 23 C. J. p. 602, n. 29.
Sales, 35 Cyc. p. 668, n. 22 New.

mobile, based on that instrument. No attack was made upon the
bona fides of the transaction between W. H. Malone and Mrs.
Miller. The jury found in favor of the plaintiff in fi. fa. The
claimant's motion for a new trial was overruled and she excepted.
The contention of the plaintiff in fi. fa. is that since it appears
that the automobile was the property of W. H. Malone before the
execution of the note, as shown by the instrument itself, and since
it does not appear that the machine was actually delivered to Mrs.
Miller under any oral contract of sale, or any sale in writing by
Malone to her, Mrs. Miller had never owned or possessed and had
never sold or delivered the automobile to Malone so that title could
be retained by her under the instrument upon which she relies.

*E. H. George,* for plaintiff in error. *Q. L. Williford,* contra.

JENKINS, P. J. Section 4268 (3) of the Civil Code (1910)
provides that "the construction which will uphold a contract in
whole and in every part is to be preferred, and the whole contract
should be looked to in arriving at the construction of any part."
Section 4266 of the Civil Code (1910) provides that "the cardinal
rule of construction is to ascertain the intention of the parties. If
the intention be clear, and it contravenes no rule of law, and suffi-
cient words be used to arrive at the intention, it shall be enforced
irrespective of all technical or arbitrary rules of construction." In
the instant case it is unmistakably clear that the intention of both
Malone and Mrs. Miller was that her debt should be secured by a
title to the automobile in question; and that the paper in question
was executed by Malone in response to her offer to take title to the
machine. While it is true that the record does not show that
actual delivery of the machine was made by Malone to Mrs. Miller,
or that any independent bill of sale was executed by him to her,
the language of the written instrument signed by Malone is such
as conclusively to import that title had actually passed, and would
thereafter remain in the payee of the note until the debt described
therein had been fully satisfied. This being true, the lien of the
judgment creditor upon the equity of redemption could only be
reached by paying off the amount owing on the note, as provided
by section 6038 of the Civil Code (1910). It is a pure question
of law as to whether the title to the automobile was or was not
in the claimant under her conditional-sale note. The case is con-
trolled by the ruling of this court in *Brooks* v. *Folds, 33 Ga. App.*

409 (126 S. E. 554). The only other case we have been able to find which appears directly to bear upon the point is an Indiana case, Cable Co. *v.* McElhoe, reported in 108 N. E. 790, which supports the previous ruling of this court as now adhered to. The third division of the syllabus in that case is as follows: "A buyer of a piano on credit gave a chattel mortgage to secure the price, subject to the condition that the piano should not be removed. The buyer desired to remove the piano to another state, and, after negotiations, a conditional contract of sale reserving title in the seller until the price was paid was entered into. Held, that the contract was the equivalent of a repurchase of the piano by the seller, and a resale thereof to the buyer, reserving title in the seller until the price was paid, and the transaction so construed was valid if made in good faith." We think the reasoning in the *Brooks* case and in the Indiana case is sound, and that in the instant case the signing by Malone of the conditional-sale contract was the equivalent of or necessarily imported a contemporaneous conveyance of the automobile by him to the person from whom he unmistakably assumed to purchase it.

*Judgment reversed. Stephens and Bell, JJ., concur.*