## CANNON v. PHŒNIX INSURANCE COMPANY.

1. An insurance company which by its policy contracts to insure " against all direct loss or damage by fire," etc., is not liable for damages arising from smoke and soot escaping from a defective or disarranged stove-pipe, and emanating from a fire intentionally built in a stove and kept confined therein; nor for damages caused by water used in cooling a portion of the ceiling heated by such pipe,

but not actually ignited thereby, it not appearing that the ·use of the water was necessary to prevent ignition.

2. There was, on the trial of an action against an insurance company, no error in refusing to allow the plaintiff to introduce in evidence a proof of loss which showed on its face that the company was not liable, nor in refusing to allow the plaintiff to prove by parol testimony facts a recital of which in the proof of loss at the time of its presentation to the company would have made the proof legally sufficient to support a claim of loss.

Argued March 15,—Decided April 10, 1900.

Action on insurance policy.    Before Judge Fite.    Whitfield superior court.    April term, 1899.

*R. J. & J. McCamy,* for plaintiff.

*Smith, Hammond & Smith, King & Spalding,* and *Shumate & Maddox,* for defendant.

LEWIS, J.    This was a suit brought in Whitfield superior court by A; E. Cannon against the Phœnix Insurance Company of Hartford, Connecticut, on an insurance policy issued by the company on plaintiff's stock of merchandise alleged to have been insured and damaged by fire; the loss amounting to $3,000.00, and the defendant's liability therefor pro rata with other concurrent insurance being $300.00.    On the trial of the case plaintiff introduced the policy of insurance, one material part of which is as follows:    "In consideration of the stipulations herein named, and of thirty-seven and 50-100 dollars premium the [said company] does insure A. E. Cannon for the term of one year from the fifteenth day of February, 1897, at noon, to the fifteenth day of February, 1898, at noon, against all direct loss or damage by fire, except as hereinafter provided, · to amount not exceeding twenty-five hundred dollars, upon the following described property, to wit:    .  .  on her stock of merchandise consisting chiefly of dry-goods, notions, hats, clothing, caps, boots and shoes," etc.    Plaintiff then offered to read in evidence the proof of loss made and given by plaintiff to defendant, the material part of which is as follows:    "To the . Phœnix Insurance Company of Hartford, Conn.    By your policy of insurance No. 1115 issued by your agent at Dalton, Ga., on the 15th day of February, 1897, for the term of twelve months you insured the undersigned, A. E. Cannon, against

loss by fire to the amount of twenty-five hundred dollars on her stock of merchandise consisting of clothing, dry-goods, notions, boots, shoes, hats and caps, while contained in the two-story brick, metal roof building situated at Nos. 553 and 554 on the east side of Hamilton street, Dalton, Ga., block No. 4. On the third day of November, 1897, the same was damaged by fire in the following manner: in arranging the stove on the ground floor of the building the day before, the pipes thereof which extended through the ceiling and through the second story of the building became disengaged at the ceiling of the second floor; when a fire was built in the stove on the morning of the third of November, the smoke and soot escaped into the second-story room where the damaged goods were situated. When the trouble was discovered the room was full of smoke and soot, and the ceiling where the pipe went through was very hot, and by reason of the smoke and soot and of the water used in cooling the ceiling the goods were damaged as here set out." Then followed in said proof of loss a statement of the other insurance on the same goods, together with a complete inventory of the goods damaged with the amount of damage claimed thereon. To the introduction in evidence of this proof of loss the defendant objected, on the ground that in said proof of loss it is stated that the goods were injured simply by reason of the smoke and soot, and that there is no allegation in said proof of loss that there was any actual burning of anything except the material put in the stove purposely to burn, and that the said proof of loss did not show or claim to show that there was any loss or damage by fire under the terms of the policy. The court thereupon sustained the objection. Plaintiff's counsel then stated to the court that when said proof of loss was furnished, and for some months afterwards, it was not known to the plaintiff that there had been any actual burning, and they were prepared to show that in about three months after the injury to the goods the plastering on the ceiling of the second-story room fell down, and disclosed the fact that some of the laths and joists to which they were nailed had in fact taken fire and were charred. Counsel for defendant objected to the admission of this testimony, upon the ground that it was irrelevant and incompetent; that

the furnishing of a proof of loss showing a loss under the policy
was a condition precedent to any liability under the policy; and
that it was not competent for the plaintiff, after having fur-
nished a proof of loss satisfactory to the defendant, which
showed no loss by fire under the terms of the policy, and after
having brought a suit based on such proof of loss, to now un-
dertake to prove a loss by fire by parol evidence offered for the
first time on the trial of the case.   The court sustained the ob-
jection, and ruled the testimony inadmissible.   Counsel for
plaintiff then admitted that, without a proof of loss, he was
unable to make out the case, and that a nonsuit was inevitable;
and defendant's counsel thereupon presented to the court and
took an order granting a nonsuit.   To these rulings of the court
the plaintiff excepted.

1. The contract between the parties stipulates that if fire
occur the insured shall give immediate notice of any loss thereby
in writing to the company, and, in sixty days after the fire,
shall render a statement to the company, signed and sworn to by
the insured, stating the knowledge and belief of the insured as
to the time and origin of the fire, etc.   It is further stipulated
that no suit or action on the policy for the recovery of any
claim shall be sustainable in any court of law or equity, until
full compliance by the insured with this requirement.   Under
the stipulations in the policy there can be no question that, as a
condition precedent to the payment of the loss, the proofs of
loss should be submitted to the company within the time pre-
scribed.   *Southern Home Asso.* v. *Home Insurance Co., 94 Ga.*
167-9.   The sufficiency of such proofs on the trial of the case
is a question for the court, and, to be sufficient, they should
show a loss within the terms of the policy.   *Travelers Ins. Co.*
v. *Sheppard,* 85 *Ga.* 751-761-4.   The question then is whether
the proofs of loss submitted in this case were within the meaning
of this policy.   It seems that in arranging the stove on the
ground floor of the building the day before the damage, the
pipe, which extended through the ceiling of the second floor,
became disengaged at that ceiling, and that, when the fire was
built in the stove on the next morning, smoke and soot escaped
from the pipe into the second-story room where the damaged

goods were situated.   The damage claimed, therefore, in the notice of loss, was by reason of the smoke and soot, and of the water used in cooling the ceiling.   It does not appear from the proofs of loss that there was any fire in or about the building, except in the stove where it was intended to be built.   This fire did not spread from where it was built and intended to remain. It was, therefore, all the time during the alleged injury and damage to the goods, what is termed in the books a "friendly" and not a "hostile" fire.   It is true there is sound authority for the proposition that an insured can recover loss occasioned by smoke, soot, etc., thrown out by a fire; but we think in these cases it will be found that such matter causing injury was the product of a hostile fire.   If a fire should break out from where it was intended to be, and become a hostile element by igniting property, although it might not actually burn the property insured, yet if it caused injury thereto by smoke or heat, or other direct means, damages would be recoverable.   But this is not this case.   In 1 Wood on Fire Insurance, § 103, the following principle is announced, directly applicable to the facts in this case: "Where fire is employed as an agent, either for the ordinary purposes of heating the building, for the purposes of manufacture, or as an instrument of art, the insurer is not liable for the consequences thereof, *so long as the fire itself is confined within the limits of the agencies employed,* as, from the effects of smoke or heat evolved thereby, or escaping therefrom, from any cause whether intentional or accidental.   In order to bring such consequences within the risk, there must be actual ignition outside of the agencies employed, not purposely caused by the assured, and these, as a consequence of such ignition, dehors the agencies."   This seems to have been an early principle decided in England, and the author refers to that decision in a note to the text just quoted.   See Austin *v.* Drew, 6 Taunt, 435.   In the case of Gibbons *v.* German Insurance Institution, 30 Ill. App. 263, it was decided that an ordinary fire-insurance policy does not cover a loss caused by escaping steam from a break in steam-heating apparatus.   Gary, J., says in his opinion that in principle that case was the same as Austin *v.* Drew, where, by the omission to open a register in an upper story of a seven or

eight story building, smoke and heat came into lower stories and caused damage. He quotes the following language from Gibb, C. J., in that case: "There was no fire except in the stove and the flue — as there ought to have been — and the loss was occasioned by the confinement of the heat. Had the fire been brought out of the flue, and anything had been burnt, the company would have been liable. But can this be said where the fire never was at all excessive, and was always confined within its proper limits? This is not a fire within the meaning of the policy, nor a loss which the company undertakes to insure against. They may as well be sued for the damage done to drawing-room furniture by a smoky chimney." In the language of Gary, J., in his opinion: "If the fire were a moral agent, no blame could be imputed to it. It was doing its duty and no more. The damage was caused by another agent who, undertaking to transmit the beneficial influence of the fire, broke down in the task." See case of American Towing Co. *v.* German Fire Ins. Co., 74 Md. 25, and the able opinion of Alvey, C. J., on p. 34, et seq.

Neither is the plaintiff entitled to recover any damages caused by the water used in cooling a portion of the ceiling heated by the pipe. In the proofs of loss it is not claimed that any thing was actually ignited by this heat, and it does not appear that the use of the water was necessary to prevent ignition.

2. It is contended that the court erred in refusing to allow plaintiff's counsel to show that, after making out their proofs of loss, they discovered that some of the laths and joists had actually become ignited and were charred. Even if this were true, and damage were caused to the property of plaintiff by this ignition, it would not have been admissible in the trial of the present case, for the reason that no proof thereof had been made and presented to the company prior to the institution of this suit; and it does not appear from the record that this fact was not discovered by plaintiff before suit was brought. Besides, there was nothing in the testimony offered which in the least tends to indicate that any injury or damage was done the goods of plaintiff by virtue of the igniting or charring of the laths or joists of the building. It is not pretended even that the

smoke and soot which injured the property proceeded from that
fire.   Our conclusion, therefore, is that the court did not err
in rejecting the testimony offered, and in granting a nonsuit.
          *Judgment affirmed.    All the Justices concurring.*