1901.   AMERICAN INSURANCE COMPANY *v.* BAGLEY.

1. A deed of bargain and sale from a wife to her husband to property in this State must, in order to be valid, be approved by the superior court. Such a deed, unless approved, will not confer upon the husband such a title as will comply with the condition of a fire-insurance policy that it is to be void if the insured does not hold the property by an unconditional fee-simple title.

2. A deed of gift from a wife to her husband does not require the approval of the judge of the superior court, in order to pass a valid title. Parol evidence is admissible to show that a deed apparently founded on a valuable consideration is in fact a deed of gift.

3. Where the "iron-safe clause" attached to a policy of fire-insurance recites that its terms are to be applicable if the policy covers "merchandise or other personal property," the phrase "other personal property" means articles in the nature of merchandise, and does not include ordinary store fixtures such as show-cases, iron safes, etc.

Action on policy, from city court of Atlanta—Judge Reid. March 24, 1909.

Argued June 28,—Decided October 5, 1909.

*Burton Smith, Lawton Nalley, W. I. Heyward,* for plaintiff in error.

*Moore & Pomeroy, James L. Key, Howell B. Simmons,* contra.

POWELL, J.   Bagley had a policy of fire insurance for $1,000; of which $800 was on his store-house and $200 on the furniture and fixtures therein, including an iron safe. The property was burned during the life of the policy. Among other conditions of the policy was one providing that it should be void if the interest of the insured in the property was other than unconditional and sole ownership in fee simple. It appeared at the trial that the only title by which he held the property was a warranty deed executed to him by his wife, without the approval of the judge of the superior court, reciting a consideration of $5,000. It appeared undisputedly from the evidence, however, that this was a deed of gift, and that the money consideration was inserted merely because the scrivener who drew it insisted that it was necessary to state some amount of money. The court instructed the jury

that the plaintiff was entitled to recover, and left it to them merely to ascertain the amount of damages. The policy also contained what is known as the "iron-safe clause," which provides that the insured must keep a set of books and place them in an iron safe, in case the policy covered "merchandise or other personal property." As the insured did not keep this set of books, the question of the applicability of this clause to the subject-matter of the insurance, and especially in so far as it covered the furniture and fixtures, was involved on the trial; the insistence of the company being that the policy was void by reason of the insured's dereliction in this respect.

1. It is a right serious question whether a deed, other than a deed of gift, executed by the wife to her husband without the approval of the judge of the superior court, is such a wholly void transaction that it can be attacked by strangers, under all circumstances. See Civil Code, §2490; *Webb* v. *Harris,* 124 *Ga.* 723 (53 S. E. 247). We have no difficulty in holding, however, that such a conveyance would not pass that sole and unconditional ownership in fee simple required by the insurance policy now before us. On its face, therefore, the deed in question did not pass the requisite title.

.2. While a wife may not sell to her husband without the consent of the judge of the superior court, she may nevertheless make to him a valid gift of her separate estate. *Webb* v. *Harris,* supra; *Cain* v. *Ligon,* 71 *Ga.* 692 (52 Am. R. 281). In this State the consideration expressed in a deed is open to inquiry whenever the interests of justice require it. Civil Code, §3599. It is competent to show that a deed purporting to be made upon a valuable consideration was made either as a voluntary conveyance or as a deed of gift. *Martin* v. *White,* 115 *Ga.* 866 (42 S. E. 279); *Finch* v. *Woods,* 113 *Ga.* 996 (39 S. E. 418). Therefore, under the extrinsic evidence, the deed was valid, and the insured did have a good title to the property.

3. We do not think the "iron-safe clause" was applicable. While the policy requires that this clause shall be complied with if the insurance covers "merchandise or other personal property," and the store fixtures were chiefly personal property, still, by the ordinary rules of construction, the words "other personal

property," appearing in the policy, must be held to mean other personal property in the nature of merchandise.

*Judgment affirmed.*