8936.  SPRINGFIELD FIRE AND MARINE INSURANCE
COMPANY *v.* CHERO COLA BOTTLING COMPANY.

The insurance policy on which this suit was based was, according to its
    terms, void, because the title to the property covered by it was not
    in the assured, having been conveyed by a bill of sale executed by the
    assured, as security for a debt, before the issuance of the policy.
The evidence does not support the contention that the bill of sale was
    infected with usury, and therefore was void. Under the evidence, the
    transaction must be treated as having been closed on March 5, the date
    shown by the bill of sale, and not on March 8, the date borne by the
    note representing the secured debt; and so treating it, there was no
    usury in it.

DECIDED JULY 12, 1918.

Action on insurance policy; from Wilkes superior court—Judge
Walker.  May 9, 1917.

*Smith, Hammond & Smith, C. E. Sutton,* for plaintiff in error.
*J. M. Pitner, W. A. Slaton,* contra.

JENKINS, J.  The Springfield Fire and Marine Insurance Com-
pany issued a policy of insurance in the amount of $1,000 to the
Chero Cola Bottling Company on May 22, 1915, for the term of
one year, covering a certain automobile truck, which the assured
in its suit alleges was totally destroyed by fire on April 24, 1916,
entailing a loss of the full value thereof, amounting to $1,300.
In the defense filed by the insurance company it is alleged that
the policy was, according to its own terms and provisions, violated
and rendered inoperative by reason of the fact that the interest
of the insured was not truly stated therein, and that the "interest
of the insured was other than unconditional and sole ownership,"
as required by the policy, in that prior to the date of its issuance
the title to the property covered by the contract had been conveyed
under a bill of sale executed by the assured to the Washington Ex-
change Bank.  A further condition of the policy was pleaded, in
which it was provided that "This entire policy shall be void in case
of fraud or false swearing by the insured touching any matter
relating to this insurance or the subject-matter thereof, whether
before or after loss," the defendant averring that the plaintiff, in
its proofs of loss, was guilty of violating these terms of the con-
tract by its misrepresentation and concealment of the facts as to
the property being in any way encumbered.  The plaintiff sought
to meet these defenses by showing that the bill of sale referred to

as executed by it to the Washington Exchange Bank, though absolute on its face, was in fact a sale to secure a debt, and that usury was included in that transaction, and the instrument was therefore void, and consequently there had been no change of title. The verdict was for the plaintiff in the sum of $600. The defendant excepts to the refusal of its motion for a new trial.

The conveyance of title above referred to being a valid one, the policy, according to its terms, was thereby rendered inoperative and void. Though the note to the bank bears date as of March 8, the transaction must, under the evidence, be treated as having been in fact closed on March 5, which is in fact the date shown by the bill of sale, and therefore the discount included in the note was not usurious.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*