*A. H. Freeman,* for plaintiff in error.

*Stanford Arnold,* contra.

---

14285. GOLDMAN *v.* ÆTNA INSURANCE COMPANY.

JENKINS, P. J. 1. " An insurance company, which receives in due time papers submitted to it in good faith as proofs of loss, should within a reasonable time, if the same are unsatisfactory, direct the attention of the party presenting such papers to any defects which it claims exist therein; and where a company, without doing this or pointing out the alleged defects, retains the papers so submitted until they are, under a notice to produce, brought into court by it on the trial of an action upon the policy, the company will be held to have waived any objection to the sufficiency of such papers as proper proofs of loss." *Alston* v. *Phenix Insurance Co.,* 100 *Ga.* 287 (2) (27 S. E. 981). *Aliter* where the required proof of loss as rendered to the insurance company is not merely deficient or defective, as failing to fully comply with the duties and obligations of the assured with reference to making and forwarding the same, but where the proof as rendered affirmatively shows on its

face that the company is not liable under the terms of risk assumed. *Cannon* v. *Phoenix Insurance Co.*, 110 *Ga.* 563 (2) (35 S. E. 775, 78 Am. St. R. 124).

2. The fact that to a petition, which, as amended without objection, alleges full and specific compliance with all the terms of the " iron-safe clause," there was attached a copy of a timely presented proof of loss, showing a computation of the damages claimed, based upon an inventory made the day before the fire, as taken in connection with one made immediately subsequent thereto, does not indicate that no inventory was " taken within 12 months prior to date " of the policy, or " within 30 days " after its issuance, as required by the terms of the " iron-safe clause " contained in the policy. It was therefore error for the trial judge to dismiss the petition on the ground urged, and as stated in his order, " that the sworn proofs of loss submitted by the insured shows prima facie that no inventory was taken within twelve months prior to or within thirty days after the issuance of the policy of insurance sued upon," and that consequently no cause of action was set forth.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 13, 1923.

Action on fire-insurance policy; from Warren superior court — Judge Shurley. January 18, 1923.

The policy sued on contained the following provisions:

" 1st. The assured will take a complete inventory of stock on hand at least once in each calendar year, and unless such inventory has been taken within twelve months prior to date of this policy, one shall be taken in detail within 30 days of issuance of this policy, or this policy shall be null and void from such date.

" 2d. The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales, and shipments, both for cash and credit from date of inventory, as provided for in first section of this clause, and during the continuance of this policy.

" 3d. The assured will keep such books and inventory, and *also the last preceding inventory,* if such has been taken, securely locked in a fire-proof safe at night, and at all times when the building mentioned in this policy is not actually open for business; or failing in this, the assured will keep such books and inventories in some place not exposed to a fire which would destroy the aforesaid building.

" In the event of failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon."

The clause of the policy relating to notice and proof of loss was as follows: " If fire occur the insured shall give immediate notice of any loss thereby in writing to the company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, as to the time and origin of the fire, the interest of the insured and of all the other [?] in the property, the cash value of each item thereof and the amount of loss thereon, all incumbrances thereon, all other insurance, whether valid or not, covering any of said property, and a copy of all the descriptions and schedules in all policies, any change in the title, use, occupation, possession, or exposures of said property since the issuance of the policy."

The plaintiff filed certain amendments, which were allowed without objection, one alleging that he " did comply fully and accurately with " the quoted warranties in the policy, and another that " plaintiff did upon May 12th, 1921, take a complete inventory of the stock of merchandise covered by the insurance policy sued upon in the above-stated case, and which inventory was made within twelve calendar months prior to the date of the policy sued upon in said above stated case." The motion to dismiss, and the insurance company's contentions, as stated in the brief of counsel, were, however, " not based upon the ground that the petition did not allege compliance with the terms of the ' iron-safe clause.' The motion to dismiss was based on the proposition that the petition on its face showed that the plaintiff had not rendered to the company proof of loss which showed on its face that the company was liable, and therefore had not complied with the condition precedent as to the furnishing proofs of loss."

*L. D. McGregor*, for plaintiff.

*Smith, Hammond & Smith, M. L. Felts,* for defendant.