24565. POOSER *v.* NORWICH UNION FIRE INSURANCE SOCIETY LIMITED.

DECIDED SEPTEMBER 27, 1935.   REHEARING DENIED OCTOBER 5, 1935.

*W. L. Bryan, E. C. Smith Jr., H. G. Rawls,* for plaintiff.

*Bennet & Peacock,* for defendant.

STEPHENS, J.   Mrs. Elizabeth S. Pooser brought suit against Norwich Union Fire Insurance Society Limited, to recover an alleged loss by fire of a house belonging to the plaintiff.   Demurrers both special and general to the petition as several times amended were sustained, and the action was dismissed.   To this judgment the plaintiff excepted.   The two main questions presented for decision are, first, whether it appears from the petition as amended that the interest of the plaintiff in the property insured and which was destroyed by fire was at the time of the fire "sole and unconditional ownership," except as provided in the policy, and, second, whether the plaintiff had sufficiently complied with the requirements of the policy as to the proofs of loss.   It appeared from the allegations in the petition that on October 2, 1931, the defendant issued to the plaintiff a fire-insurance policy covering the plaintiff's house, that the house was destroyed by fire on February 6, 1932, that the premium had been paid, that "immediately after the fire" the plaintiff notified the defendant of the fire "by notifying the agent in person," that the defendant sent its adjuster, who inspected the premises, that on November 12, 1932, the plaintiff filed with the defendant a sworn proof of loss, which was sent by registered mail, that the plaintiff had demanded payment, and that the defendant had failed to pay.   A copy of the policy appears as an exhibit.   In the first amendment it was alleged that at the date of the policy Mrs. Pooser was the owner in fee of the property, subject to a first mortgage in favor of Georgia Loan & Trust Company, and remained such owner until after the date of the fire; that about July 18, 1931, Mrs. Pooser executed a deed covering the insured property to Piney Pond Farms, a corporation, delivering the deed to her attorney, Goree, but the delivery "was not an unconditional

delivery, but on the contrary was placed with him in escrow pending his examination of the legal status of Piney Pond Farms," that the deed so remained in escrow with Goree and had not been delivered at the date of the fire; that the plaintiff in her proof of loss had stated the deed was "delivered, not recorded, pending title examination," that the delivery to Goree was conditional and not absolute, and therefore the title had not passed to the corporation at the time of the fire, that the defendant delivered the proof of loss to its attorney, S. S. Bennet, and at his request Goree, the plaintiff's attorney and agent, conferred with Bennet for the purpose of informing him as to any further details desired; that Goree explained to Bennet what the plaintiff had meant by saying in the proof of loss that the deed had been delivered; that she had meant it was delivered in escrow, and that it was not a delivery to Piney Pond Farms; that the deed had not been recorded, for the reason that she had not made an unconditional delivery; that Goree was to hold the deed until he had passed on certain legal aspects of the affairs of Piney Pond Farms, and when he had satisfied himself in this regard he was to record the deed, which act was to constitute delivery to the grantee. It was further alleged that after receiving this information the defendant retained the proof of loss and made no further objection thereto, and therefore has waived any right to object to the proof of loss.

The second amendment struck from the copy of the policy attached to the petition an endorsement purporting to transfer the policy to Mrs. E. Shingler. In the third amendment it was alleged that the defects of title referred to in connection with placing the deed with Goree were defects affecting a tract of land other than the one on which the burned house was located, the deed covering both tracts; that Goree was instructed to examine the title to both tracts, and to see if upon delivery of the deed to Piney Pond Farms that corporation would be seized of good title, subject to the Georgia Loan & Trust Company mortgage; that on examination Goree found certain defects in the other tract; that upon being informed of this plaintiff instructed Goree to hold the deed until the title to this tract could be cleared by foreclosure; that Goree still has the deed which was never recorded or delivered; that about March 2, 1932, Goree furnished to the defendant's adjuster a copy of the unrecorded deed and explained the details of the escrow arrangement.

In the fourth amendment it was alleged that the deed to Piney Pond Farms was intended to be a deed of gift when effective by delivery at the request of the donee, Mrs. Shingler, the plaintiff's mother; that the grantee was Piney Pond Farms, of which company Goree was an officer and stockholder; that no consideration was paid or agreed to be paid for the deed, and while in the hands of Goree it was subject at all times to plaintiff's recall, and neither the deed nor the property had passed out of her control at the time of the fire. A copy of the deed was attached. The fifth amendment refers to the rider to the policy referred to in the second amendment, which shows a transfer or endorsement of the policy to "Mrs. E. Shingler as owner" of the property. It is alleged that this rider was not authorized by the plaintiff, and was attached to the policy by mistake.

The policy contained these provisions: "This entire policy shall be void . . if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss. This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . if the interest of the insured be other than unconditional and sole ownership. . . If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, and within 60 days after the fire, unless such time is extended by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property. . . This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until 60 days after the notice, ascertainment, estimate, and satisfactory proof of loss herein required have been received by this company, including an award by appraisers when appraisal has been required. No suit . . for the recovery of any claim shall be sustainable . . until after full compliance by the insured with all the foregoing requirements, nor unless commenced within 12 months next after the fire." The proof of loss, sworn to by the

plaintiff, contained these statements: "At the time of the fire, the interest of your insured . . was sole and unconditional ownership, and no other person or persons had any interest therein or incumbrance thereon, except a security deed . . in favor of Georgia Loan & Trust Company. Deed Elizabeth Shingler Pooser to Piney Pond Farms Inc., dated July 18, 1931, covering the property, delivered, not recorded pending title examination. Since the policy was issued there has been no . . change of ownership, . . or of your insured's interest therein, except above deed to Piney Pond Farms Inc., referred to in last paragraph." It will be noted that the fire occurred February 6, 1932, and the proof of loss was filed November 10, 1932. The suit was filed on February 4, 1933. The deed, allegedly delivered in escrow, from Mrs. Pooser to Piney Pond Farms was dated July 18, 1931. The date of the policy was October 2, 1931.

■■ Many points are made and stressed by counsel for the defendant. It is argued with great earnestness and ability that the proof of loss alleged that the deed existed from Mrs. Pooser to the corporation, Piney Pond Farms, *"conveying* the property, *delivered,* not recorded pending title examination;" that this must be construed as meaning that the deed had been delivered and that it conveyed the property to the grantee; that Goree, the person to whom Mrs. Pooser had delivered it, was an officer of the grantee, and consequently delivery to him was delivered to the corporation; that, being an officer of the company, Goree could not act as an escrow agent; that such an agent must be a third party; that if the person to whom a deed is delivered in escrow is the grantee, then delivery to the agent is a delivery to the grantee; that although the paper is alleged by the plaintiff to have been a voluntary deed of gift, it recites a consideration of "$10 and other valuable considerations," which takes it out of the rule as to gifts; and that the recited consideration makes it a contract of purchase and sale, the ten dollars being recoverable even if not in fact paid. The proofs of loss are not an integral part of the insurance contract. That was complete within itself when the policy was issued. There is no provision in the policy that if fire occurs and a mistake of fact thereafter appears in the proofs of loss the policy shall be void. The policy is the contract, and is construed as it is made. The policy provided that it should be void if a change of interest, title,

or possession occurred. No such change occurred between the date of the policy and the date of the fire, or even afterward. At the date of the policy the deed to the Piney Pond Farms was in existence. It was in possession of Goree. No mention of this deed was made in the policy, and it was not necessary to mention it, for it was then undelivered and unaccepted by the grantee. At the date of the fire the situation was exactly the same. On delivery to Goree he was to hold the deed undelivered until the title to the other tract was cleared by a foreclosure. This foreclosure had not been completed when the fire occurred. Nothing happened between the date of the policy and the date of the fire which in any way changed the legal status of this deed. And this being true, the insurer's risk could not have been increased by its existence and continuance in Goree's possession. That the deed was a voluntary deed of gift, is shown by the allegations of the pleadings. Its recital of $10 and other valuable considerations is of no importance in the face of the petitioner's clear assertions on the subject. There is nothing to indicate that the corporation, Piney Pond Farms, had ever authorized the purchase of the property on the basis of paying "$10 and other valuable considerations;" and there is nothing whatever to show that had Mrs. Pooser sued the farms company for the $10 and other considerations, tendering the deed, that she could have recovered. See *Nathans* v. *Arkwright,* 66 *Ga.* 179.

There is no allegation that Goree had been authorized by his corporation to accept the deed for it. The mere fact that he was an "officer and stockholder" did not give him that authority. It is not correct to assume that the mere fact of his being an officer and stockholder precluded him from acting as agent and attorney for Mrs. Pooser. Being an officer of a corporation does not bar a person from acting individually. There is nothing to show that when Goree received this deed he received it in his official capacity on behalf of the corporation. The case before us is exactly as though that deed had never existed. It was lodged with Goree for delivery on condition to be performed. The condition was never performed. Being a voluntary deed of. gift, and it not being shown that it was ever accepted, it remained under Mrs. Pooser's control and was withdrawable by her at any moment. It may be true that when a grantor and a grantee consummate a contract of purchase and sale and the grantor lodges the deed with a third party, to be

delivered to the grantee at a designated time or on the occurrence of a certain event, the deed is out of the control of the grantor, and, although it will not actually pass title until delivery, the escrow agent is bound to make delivery when the time arrives or the event transpires. See *Wellborn* v. *Weaver,* 17 *Ga.* 267, 275 (63 Am. D. 235); *Smith* v. *David,* 168 *Ga.* 511, 528 (148 S. E. 265). But none of these cases is applicable here. This deed was of no vitality when it was made, and was of no vitality when the fire occurred. When the policy was issued, mention of the deed was properly omitted. It should not have been mentioned in the proof of loss, but the reference to it there did no harm to anybody. There is nothing in this statement in the proof of loss which is tinged with fraud, nothing which in any vital way affects the situation. The proof of loss was sent to the defendant on November 10, 1932, and it appears that it was turned over to defendant's attorney, S. S. Bennet; that about November 29, 1932, while Bennet had the proof of loss, Goree, representing plaintiff as her attorney and agent, went at Bennet's request to Albany to give him any additional information or details desired, and that during the conference which followed "the exact situation with respect to the said deed" was explained to Bennet, to whom was likewise explained what the plaintiff meant in her proof of loss by saying that the deed was delivered. It thus appears that Mr. Bennet, the defendant's representative, was put in full possession of the exact facts. It does not appear how the defendant has been in the least injured by the mistaken and inaccurately expressed reference to this deed of gift in the proof of loss. It should be added that the words quoted last above were not specially demurrable; this in view of the fact that "the exact situation" had been previously set out in the pleadings. These words are to be taken as referring to the statements previously made. The rest of this amendment contains a full account of just what Goree told Bennet.

A gift is not complete until acceptance by the donee. Until then it is withdrawable by the donor. Code of 1933, § 48-101 (Code of 1910, § 4144); *Culpepper* v. *Culpepper,* 18 *Ga. App.* 182 (89 S. E. 161); *Helmer* v. *Helmer,* 159 *Ga.* 376 (125 S. E. 849); *Burt* v. *Andrews,* 112 *Ga.* 465 (37 S. E. 726); *Smith* v. *David,* 168 *Ga.* 511 (3-a) (148 S. E. 265); *Hurley* v. *National Ben Franklin Fire Insurance Co.,* 46 *Ga. App.* 515, 518 (167 S. E. 917).

In the defendant's brief appears the following specific question: "Can the plaintiff, after solemnly swearing in the only 'proof of loss' submitted by her that she had made a deed to Piney Pond Farms Inc., dated July 18, 1931, 'conveying the property,' and that said deed was 'delivered, not recorded pending title examination,' and that said deed was an exception to the 'sole and unconditional ownership' of the insured,—then turn around and, more than two years after the fire, contradict said statements, and at the same time rely upon them as a proof of loss?" The answer to this question is, she can. The record shows that "immediately" after the fire occurred the defendant was informed of it, and sent its adjuster to inspect the premises; that a builder's estimate was made in detail, showing the amount it would cost to replace the house, that the proof of loss was sent, and at Mr. Bennet's request fully explained to him. No possible injury could have inured to the defendant by the inaccurate statement referred to in defendant's question. It is important to note that the misstatement in the proof of loss was against Mrs. Pooser's interest. She made a statement which, had it been true, would have avoided the policy. The situation is quite different from what it would have been had she *failed to make* a statement of fact which, existing, barred her right to recovery. That would have been an error in the proof *in* her interest (instead of *against* it), and presumably would have been made with fraudulent intent. The misstatement is referred to a second time under the caption "Changes" in the proof of loss: "Changes: Since the policy was issued there has been no . . change of ownership, . . of your insured's interest therein, except above deed to Piney Pond Farms Inc., referred to in last paragraph."

It is true the policy provides that it shall be void "in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss." But it would indeed be a harsh and unjust ruling to hold that misstatements of fact, or legal conclusions resulting from facts, which, as they appeared, were against the insured's interest instead of being *in* her interest, would come within the scope of the words "fraud or false swearing" quoted above. Especially would this be true in a case (as this one is) where no possible injury could accrue to the insurer from the misstatement. The

existence of this deed, under the circumstances, did not change the ownership and thus invalidate the policy even if the deed was not a voluntary deed of gift. Under no circumstances could it pass title until delivery, and it was never delivered. While the word "escrow" is used by plaintiff in her pleadings, the transaction here involved was really not a technical escrow at all. Usually a true escrow agent is an agent of both parties. Here, Goree was the attorney of the plaintiff, employed to clear the title of the second tract of land, and was under instructions to deliver the deed when this was done. Goree was merely an ordinary agent of plaintiff, and the agency came within that class of agencies which are revocable at the will of the principal. *Jordan* v. *Pollock,* 14 *Ga.* 145, 155, and *Duncan* v. *Pope,* 47 *Ga.* 445, cited by defendants, have no application here. Had the plaintiff changed her mind, canceled her instructions to Goree, and demanded redelivery of the deed to her, Goree would have been bound to obey, and the Piney Pond Farms, so far as the present record shows, would have had no cause of action against her. Delivery of a deed is essential to the deed becoming operative. Code of 1933, § 29-101 (Code of 1910, § 4179). It is a matter of fact. It is as vital as the execution of the deed. Even if the deed comes into the possession of the grantee, that possession is by no means conclusive of the fact of delivery. Code of 1933, § 29-105 (Code of 1910, § 4183).

There is no provision in the policy that it is to be void if the proofs of loss are not made at any certain time after the fire. See *Great American Co-op. Fire Asso.* v. *Jenkins,* 11 *Ga. App.* 784 (*a*) (76 S. E. 159). The policy provides that the estimate of cost to replace, less depreciation, shall be made by the insured and the company, or by appraisers if they differ, and, the amount of damage having been thus determined, that the sum for which the company is liable shall be payable 60 days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by the company in accordance with the terms of the policy. The contract further provides that it shall be void if the insured has concealed or misrepresented any material fact concerning the insurance, "or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss." It provides

also that it shall be void if the policy be assigned before a loss. A further provision appears that in the event of fire, immediate notice shall be given in writing, an inventory shall be made, "and within 60 days after the fire, unless such time is extended in writing by this company, [the insured] shall render a statement to this company, signed and sworn to by this insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and all others in the property; the cash value of each item thereof and the amount of loss thereon; . . any changes in the title . . since the issuing of the policy." The company is not to be held to have waived any provision or condition of the policy, or any forfeiture, "by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until 60 days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required." Also, "No suit or action on this policy, for the recovery of any claim shall be sustainable . . until after full compliance with all the foregoing requirements, nor unless commenced within 12 months next after the fire." It will be noted that while the "proof of loss" is to be furnished within 60 days after the fire, there is no provision that the policy shall be void if more than 60 days elapse after the fire before proof is made. Therefore the plaintiff is not barred of recovery by the fact that proofs of loss were not furnished within 60 days. Reference to the petition and the various amendments shows that every essential condition precedent required was complied with by the insured. The company failed to pay within 60 days after the proofs of loss were furnished, more than 60 days elapsed between the making of these proofs and the filing of the suit. The suit was filed within one year of the date of the fire.

The original petition set out as a part of an exhibit an endorsement or rider, apparently attached to the policy, containing this statement: "This policy is hereby endorsed for the purpose of transferring same to Mrs. E. Shingler, as owner of the property insured. Attached to and forming part of policy No. F T 316, of the Norwich Union Fire Insurance Society, of England. ———— Agent." By her second amendment the plaintiff struck from her

petition the copy of this rider. In her fifth amendment she alleged that when her original petition was filed the policy did not have the rider attached to it or incorporated in it; that after the petition was filed the rider was pinned to it by an attorney for the defendant; that this attorney had no intention of misleading the court or altering the petition, but was misled into thinking the rider was a proper part of her Exhibit A (copy of the policy). She alleged that the policy did not have the rider on it, and that she never authorized any one to attach it, and the issuance of the rider was without her knowledge or consent, the policy having been in the possession of the Georgia Loan & Trust Company, mortgagee. Under these allegations, taken as true on consideration of the demurrer, there is no merit in the contention of counsel for the defendant that the pleadings show no cause of action in favor of the plaintiff, no policy in her favor, and "no sufficient explanation [when the pleadings are construed most strongly against the plaintiff] of the policy having been made payable to another person, to-wit, Mrs. E. Shingler." If there was a rider attached to this policy without the insured's knowledge or consent, her rights can not possibly be affected thereby. There is no fact alleged which indicates that the plaintiff ever authorized the rider, or that in fact she had ever assigned her interest in the policy to Mrs. Shingler.

The following cases relied on by the defendant are distinguishable on their face from the facts in the case as here presented in the allegations of the petition as amended. In *Watts* v. *Phenix Insurance Co.*, 134 *Ga.* 717 (68 S. E. 479), there was a change in the title. In *Springfield Fire Ins. Co.* v. *Chero-Cola Co.*, 22 *Ga. App.* 503 (96 S. E. 332), there was a bill of sale passing title. In *Columbia Fire Ins. Co.* v. *Tatum*, 46 *Ga. App.* 475, 476 (167 S. E. 911), the insured held a bond for title. In *Newark Fire Ins. Co.* v. *Reese*, 32 *Ga. App.* 42, 43 (123 S. E. 41) the court held that compliance with the provision as to furnishing proofs of loss was a condition precedent to recovery, but the "proof" there involved had never been signed nor sworn to. The court remarked that it was nothing more than "a scrap of paper," and its submission to the company could not be held to be a bona fide attempt to comply with the provisions of the policy. In the case here it does not appear that the company refused to pay because the proof was not filed

within 60 days from the fire. The only objection made to it was the statement which appeared as to the Piney Pond deed. The appearance of this ambiguous reference caused Mr. Bennet, to whom the proof had been delivered, to seek an explanation from Mr. Goree, which was promptly given. In *Jones* v. *Pacific Fire Ins. Co.*, 31 *Ga. App.* 128 (119 S. E. 922), no proof of loss was ever filed. The plaintiff sued without making any attempt to comply with the provision, and a nonsuit resulted as matter of course. In *Metcalf* v. *National Fire Ins. Co.*, 29 *Ga. App.* 590 (116 S. E. 324), the court adopted a ruling from *Folds* v. *Fireman's Fund Ins. Co.*, 28 *Ga. App.* 323 (110 S. E. 925), in which case a policy was presented which provided that the insured should furnish proofs of loss within 60 days after loss, and that a failure "so" to submit the proofs should render the claim null and void. There is no such provision in the policy involved in this case. The defendant's counsel in his brief very fairly admits this. As was held in *Graham* v. *Niagara Fire Ins. Co.*, 106 *Ga.* 840 (32 S. E. 579), under the usual terms of a policy of fire insurance the filing of proofs of loss is a condition precedent to recovery on the policy. In this case they were filed. It is not necessary to refer to the many other cited decisions holding the same thing. In his brief counsel frankly states: "We are not making any point as to the proofs of loss and policy being void because proofs were not filed within 60 days of the fire; for we concede that our courts have held that if the proofs of loss were filed after 60 days, and had actually shown liability, that then and in that event the plaintiff could sue, provided the proofs were furnished in time for 60 days more to elapse before the suit was filed, and yet for the suit to be brought within one year after the fire occurred." He then continues: "But the points we are now making are (a) that the proofs themselves show no liability, and (b) certainly there could be no waiver of proofs of loss, after they had been furnished, and actually showed no liability, and (c) under the two cases last above cited it is clear that a refusal to pay after the 60 days from the fire had expired would not constitute a waiver of proofs of loss,—it being distinctly provided," etc. As to the first excerpt quoted, it is apparent that the proofs here were filed in time for 60 days to elapse before suit was filed and yet allow the suit to be brought within one year after the fire. The proofs as filed with

the explanation made by Goree to Bennet showed liability, and it seems that no further objection was made to them. It would appear that the company's refusal to pay was based alone on the point that the undelivered deed to Piney Pond Farms was a violation of the sole-ownership clause.

In view of what has been said, it is not necessary to discuss those cases cited by defendant which involved waivers of the proofs of loss. In reply to plaintiff's contention that retention of proofs of loss will waive deficiencies therein, defendant says: "We have freely admitted this all along, but the Georgia decisions (especially the *Goldman* case in 30 *Ga. App.*) show that this principle does not apply where the proof of loss affirmatively shows there was no liability." *Goldman* v. *Ætna Insurance Co.,* 30 *Ga. App.* 715 (119 S. E. 338), adopts the rule of *Alston* v. *Phenix Ins. Co.,* 100 *Ga.* 287 (2) (27 S. E. 981), that "An insurance company, which receives in due time papers submitted to it in good faith as proofs of loss, should within a reasonable time, if the same are unsatisfactory, direct the attention of the party presenting such papers to any defects which it claims exist therein; and where a company, without doing this or pointing out the alleged defects, retains the papers so submitted until they are, under a notice to produce, brought into court by it on the trial of an action upon the policy, the company will be held to have waived any objection to the sufficiency of such papers as proper proofs of loss." The court then adds: "*Aliter* where the required proof . . is not merely deficient or defective . . but . . affirmatively shows . . that the company is not liable under the terms of the risk assumed." The ruling last quoted has no application here, in view of the fact that the proofs as filed were ambiguous to the company, and were referred to Mr. Bennet, who sought information from Mr. Goree and got it fully and completely. The proofs now before us can not be held to show that the company was not liable. The statement made in them as to the Piney Pond Farms deed was not clear. Plaintiff had the right to show what the true facts were, and did show them. The company did what the Supreme Court in the *Alston* case, supra, said should be done in such a situation. It directed "the attention of the party" to the "defects." And the explanation was at once forthcoming. The facts of *Cannon* v. *Phœnix Ins. Co.,* 110 *Ga.* 563 (35 S. E. 775, 78 Am. St. R. 124),

cited by counsel in this connection, are quite different from the case at bar. There the proof of loss showed no loss by burning, but only smoke and soot injury. After having brought suit based on this proof of loss, the plaintiff undertook at the trial, for the first time, to show loss by fire.

The petition with its amendments set out a cause of action, and the court erred in dismissing it on demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

## ON REHEARING.

Counsel for the defendant, in a motion for rehearing, assert that this court has overlooked what counsel claim is an authoritative ruling of the Supreme Court of this State, in *Sewell* v. *Holland,* 61 *Ga.* 608, that the consideration expressed in a deed can not be inquired into except in a proceeding between the parties themselves. As we understand and construe the ruling in that case, it is not authority for the proposition thus laid down by counsel. That decision held that where a tenant in common had conveyed his interest in the property to another person, the remaining co-tenant could not resist a partition of the land at the instance of the vendee in the deed, on the ground that the deed was in part a corrupt agreement between the vendor and the vendee to compound a felony. In *American Insurance Co.* v. *Bagley,* 6 *Ga. App.* 736 (65 S. E. 787), which was a suit to recover for a loss under a fire-insurance policy, in which it was claimed that the insured was not the sole owner of the property because he held under a deed of bargain and sale from the wife, which was void as not having been approved by the superior court, it was held, notwithstanding the deed recited a money consideration, that it could be shown that the deed was a deed of gift from the wife to the husband, and was therefore valid because such a deed did not require the approval of the superior court. In that case the wife was not a party. *Anderson* v. *Continental Insurance Co.,* 112 *Ga.* 532 (37 S. E. 766), in which it was held that it was not competent to show by parol that an absolute deed passing title, in the absence of fraud, was merely a power of attorney and was executed for a purpose other than passing title, and that the consideration upon which it was executed was different from that expressed, is not authority against the proposition that, notwithstanding the recital of a money consideration in a deed, it may be shown to be a voluntary deed

of gift, as was held in *American Insurance Co.* v. *Bagley*, supra. See *Home Insurance Company of New York* v. *Johnson*, 181 *Ga.* (181 S. E. —),

It is also insisted by counsel for the defendant that the decision of this court in the case at bar is in conflict with the ruling in *Cannon* v. *Phœnix Insurance Co.*, 110 *Ga.* 563 (35 S. E. 775, 78 Am. St. R. 124), where it was held as follows: "There was, on the trial of an action against an insurance company, no error in refusing to allow the plaintiff to introduce in evidence a proof of loss which showed on its face that the company was not liable, nor in refusing to allow the plaintiff to prove by parol testimony facts a recital of which in the proof of loss at the time of its presentation to the company would have made the proof legally sufficient to support a claim of loss." This court, in the opinion as originally written, attempted to distinguish that case. In that case the proof of loss showed damage only from smoke and soot escaping from a defective stovepipe which, as the court held, was not covered by the insurance "against all direct loss or damage by fire," as provided in the policy. It was there held that the proof of loss showed on its face that the company was not liable. It was also held that parol proof tending to show that some of the woodwork in the building had been actually destroyed by fire, the loss of which might have been recovered under the terms of the policy, was properly excluded from evidence. In that case the plaintiff's proof of loss failed to show any damage recoverable under the policy, and the offered evidence tended to show a damage, which, although recoverable under the policy, was not recited or claimed in the proof of loss. That case is clearly distinguishable from the one now before this court. In the present case the plaintiff, in her proof of loss, alleged and claimed a damage arising under the terms of the policy, and by a misstatement of fact showed that the plaintiff was not the sole owner of the property. To permit the plaintiff to show by parol information communicated to the insurance company, at the company's request, after the filing of proof of loss, the true facts with reference to the deed referred to in the proof of loss as one conveying ownership of the property out of the plaintiff, is an entirely different proposition from permitting an insured to show by parol, on the trial, a damage from loss by fire which was not included or even referred to in the proof of

loss. In *Goldman* v. *Ætna Insurance Co.*, 30 *Ga. App.* 715 (119 S. E. 338), while the court stated, on the authority of *Cannon* v. *Phœnix Insurance Co.*, supra, that a waiver will not be imputed "where the required proof of loss as rendered to the insurance company is not merely deficient or defective, as failing to fully comply with the duties and obligations of the assured with reference to making and forwarding the same, but where the proof as rendered affirmatively shows on its face that the company is not liable under the terms of risk assumed," it was held that the proof of loss did not indicate the failure of the insured to comply with the condition in the policy respecting the taking of an inventory of the property covered by the policy, and that it was error for the court to dismiss the petition on the ground that the proof of loss showed that such inventory had not been taken, and that consequently no cause of action was set forth. In 26 C. J. 381, it is stated: "By the weight of authority, however, unless the statements are fraudulently made or the facts are such as to estop him from disputing them, insured is not conclusively bound by statements in the notice or proofs." To the same effect see 7 Cooley's Briefs on Insurance (2d ed.), 5868: "The weight of authority undoubtedly supports the principle that, if the insured has not been misled by the mistake to his detriment, the insured will not be estopped to show the truth, and that the erroneous statement was made by mistake."

Counsel for the defendant insist that it appears conclusively from the allegations of the petition that the deed was one in escrow. Whether or not the plaintiff used the word "escrow" in referring to the character of the deed is immaterial. She is not, as a matter of law, bound by this allegation, where she elsewhere in the petition as amended alleged facts which show the true character of the instrument and that it was not a deed in escrow. In *McClure Ten-Cent Co.* v. *Humphries*, 29 *Ga. App.* 524 (116 S. E. 54), it was held that "where general allegations setting up agency are followed by specific detailed averments, the former ordinarily will yield to the latter." See cases there cited; 49 C. J. 121.

We have, upon rehearing, added headnotes 2, 3, and 4. With these additional headnotes and this addition to the opinion, we adhere to the original opinion and the headnotes there attached, and to the original judgment reversing the judgment sustaining the demurrer to the petition as amended.