## LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY LIMITED *v.* STUART *et al.*

No. 13474. March 12, 1941. Rehearing denied March 29, 1941.

*Jones, Fuller & Clapp* and *Alex. P. Gaines,* for plaintiffs in error.
*T. C. Denmark* and *T. B. Higdon,* contra.
*Winfield P. Jones,* for person at interest.

Reid, Chief Justice. At the outset we are confronted with certain attacks made by counsel for the insured on the applicability of the question certified, as respects the record and the issues presented thereby in the Court of Appeals. One is that since the question involves a construction of the contract of insurance, it should have been stated therein that it was executed in the State of North Carolina and should be construed in accordance with the laws of that State. The other complains that the question is further materially inapplicable to the facts of the case in so far as it states that the retention-of-title contract was entered into "between the insured and the Chandler Machinery Company." Counsel contends that the contract was executed by A. J. Stuart in business as Georgia Tire and Rubber Company, and not by the insured, A. J. Stuart and W. F. Humphries, doing business as Murphy Retreading Com-

pany. These matters are contained in a motion filed in this court that we request of the Court of Appeals "that the question . . be amended or amplified" in the above respects, and postpone our decision until the Court of Appeals shall have taken action thereon. In his brief counsel suggests that in lieu of this we look to the record and ascertain these facts. It is clear that we would not be justified in following either of these courses. *Georgian Co.* v. *Jones,* 154 *Ga.* 762 (115 S. E. 490) ; *Eatonton Oil & Auto Co.* v. *Greene County,* 181 *Ga.* 47, 52 (181 S. E. 758) ; *Portwood* v. *Bennett Trading Co.,* 184 *Ga.* 617 (192 S. E. 217). The final decision of the case on the record rests with the Court of Appeals, and our decision in answer to the question certified will be binding only in so far as it may be applicable.

The provision of the policy set out in the question is commonly found in fire insurance contracts, and its meaning and effect have heretofore been considered by this Court and the Court of Appeals. It has been held that where the insured holds the property covered by the policy subject to an outstanding deed or bill of sale given as security for a debt (*Orient Insurance Co.* v. *Williamson,* 98 *Ga.* 464, 25 S. E. 560; *Williamson* v. *Orient Insurance Co.,* 100 *Ga.* 791, 28 S. E. 914; *Girard Fire & Marine Insurance Co.* v. *Curtis,* 190 *Ga.* 854, 11 S. E. 2d, 3; *Springfield Fire & Marine Insurance Co.* v. *Chero-Cola Bottling Co.,* 22 *Ga. App.* 503, 96 S. E. 332; *Peoples Credit Clothing Co.* v. *Old Colony Insurance Co.,* 47 *Ga. App.* 819, 171 S. E. 587; *Jenkins* v. *National Union Fire Insurance Co.,* 61 *Ga. App.* 804, 7 S. E. 2d, 610), or under a contract of purchase retaining title in the vendor or grantor with part of the purchase-price outstanding, he is not the sole and unconditional owner within the meaning of such provision. *Atlas Assurance Co.* v. *Kettles,* 144 *Ga.* 306 (87 S. E. 1) ; *Athens Mutual Insurance Co.* v. *Ledford,* 134 *Ga.* 500 (68 S. E. 91) ; *Liverpool & London & Globe Insurance Co.* v. *Hughes,* 145 *Ga.* 716 (89 S. E. 817) ; *Alliance Insurance Co.* v. *Williamson,* 36 *Ga. App.* 497 (137 S. E. 277). It is stated in the question that the insured held some of the property covered by the policy as vendee under a conditional sales agreement, and that the full purchase-price was not paid. This being true, it seems clear, under the above decisions, that as to this property he was not the sole and unconditional owner; and it only remains to be determined what effect this has on the policy as re-

spects other property covered as to which it appears the insured was sole and unconditional owner, that is, whether the policy is avoided as a whole or only in part. We think that this point is controlled by our recent decision on certified questions in *Jenkins v. National Union Fire Insurance Co.*, 189 *Ga.* 685 (7 S. E. 2d, 268), concurred in by all the Justices, approving and following the rulings in *Southern Fire Insurance Co.* v. *Knight,* 111 *Ga.* 622 (36 S. E. 821, 42 L. R. A. 70, 78 Am. St. R. 216). In the *Knight* case the policy covered a building and stock of merchandise, and provided in substance that in the event the insured failed to take an inventory of the goods at a time specified, "this policy shall be null and void from such date." There was a violation of this provision; and although the building and stock of goods were separately valued, the court held that the policy was entire, and that accordingly the breach of the clause requiring an inventory of the goods prevented a recovery for the destruction of the building. In considering whether the contract was entire or divisible, the court gave controlling effect to the fact that the premium was in gross. In the *Jenkins* case the policy covered a building and stock of goods separately valued, and there was as to the building a violation of the sole and unconditional ownership clause, which was identical with that set out in the certified question. It was held, following the ruling in the *Knight* case, that the policy was entire, and that accordingly no recovery could be had for destruction of the personalty. In the decision emphasis was also laid on the word "entire" as contained in the provision. It is stated in the certified question that the policy was issued for a single premium; and the language of the provision is, as already pointed out, identical with that involved in the *Jenkins* case. Under the authorities cited, it must follow that even though the policy insured separate classes of personalty which were separately valued, and that the failure of the required interest was as to only a part of the property of one of the classes thus insured, the policy is to be considered as entire, and avoided as a whole, rather than only as to that part of the property as to which there was a failure of interest or as to that class of which it was a part. We are not called upon, under the question as propounded, to deal with the application of the doctrine de minimis non curat lex.

*Answer in affirmative. All the Justices concur.*