### PACIFIC FIRE INS. CO. et al. v. C. C. ANDERSON CO. OF NAMPA.

No. 2141.

District Court, D. Idaho, S. D.

Sept. 30, 1942.

See, also, D.C., 42 F.Supp. 917.

Willis C. Moffatt and Maurice H. Greene, both of Boise, Idaho, for plaintiffs.

S. Ben Dunlap, of Caldwell, Idaho, and J. F. Martin, of Boise, Idaho, for defendant.

CAVANAH, District Judge.

The plaintiffs, who are fire insurance companies, executed and delivered their fire insurance policies insuring certain merchandise of the defendant's against direct loss by fire, and brings this action under the Declaratory Judgment Act to determine their liability, and the alleged loss and damage, if any, sustained to the merchandise, which occurred on April 1, 1941, in defendant's place of business in Nampa, Idaho, on the claims made and presented to the respective plaintiffs and which asserted it was not caused and did not result from any risk or hazard insured against under the policies of insurance.

Each of the proofs of loss are identical in form and language except the Insurance Companies to which the same is di-rected, and number and amount claimed, but the issue of liability of the plaintiffs to the defendant is identical under each of the policies.

In the proof of loss the defendant claims that the fire occurred on April 1, 1941, about the hour of seven o'clock A. M. and its origin was a fire in the basement of the building. Loss sustained by soot, smoke and fire escaping from the furnace in the basement of the building and filling the room where the merchandise was located, which was occupied as a retail department store.

Considerable testimony was taken and upon it and under terms of the policies, the questions to be determined are: Does liability exist under the terms of the policies when the evidence is considered and applied to them? Does liability exist and if so, to what extent, and the amount of loss and damage? If the answer as to whether liability exists is in the negative, of course, it does not become necessary to consider the extent and amount of the loss and damage.

The principal question is whether the damage in the present case was the result of a friendly or hostile fire, and when in solving that question we must look to the particular facts in each case. The fire referred to in the provisions of the policies means an actual fire according to the ordinary and common use of the term. The Courts recognize a distinction between a hostile and friendly fire, and when both the insured and the insurer contracted they had in mind such distinction determinative of what losses were covered.

This distinction is recognized by the Supreme Court of Idaho in the case of the Mode, Limited, v. Fireman's Fund Insurance Company et al., 110 P.2d 840, 843, 133 A.L.R. 791, where it is stated: "The meaning of the term 'loss by fire' as being a 'hostile' and not a 'friendly fire' has been so extensively and long recognized that reasonably we must consider, even under liberal interpretation, that both insured and insurer contracted with such definition in mind, determinative of what losses were covered." Solomon v. United States Fire Insurance Company of New York, 53 R.I. 154, 165 A. 214.

The fundamental thought as recognized by the Courts is that if a fire is a friendly fire, that is, one in a fur-

nace or stove, which is subject to control in such furnace or stove, and one not escaping therefrom, it is not covered by the policies. But if it is a hostile one it is a peril insured against, and to be a hostile one it must extend from the place where it belongs and must pass beyond the limits assigned for it, and be an independent combustion wholly outside the original agency in which it was intended to burn. 26 C.J. 340.

■ Was the smoke, soot and fly-ash that reached and caused the damage to the merchandise in the upper floors produced from a fire out of place, that is, out of and escaping from the furnace? If so it would be a hostile fire. Coryell v. Old Colony Insurance Co., 118 Neb. 303, 224 N.W. 684, 229 N.W. 326, 68 A.L.R. 222; Mode, Limited, v. Fireman's Fund Insurance Co., supra.

The inquiry of facts then is, does the evidence force the conclusion that the smoke, soot and fly-ash which caused the damage to the merchandise was caused by the fire while burning in the range in which it was intended to be confined, or by a fire after its escape actually produce smoke, soot and fly-ash and cause the damage? Cannon v. Phoenix Insurance Co., 110 Ga. 563, 35 S.E. 775, 78 Am.St. Rep. 124. No evidence exists showing that the fire itself or heat therefrom caused damage to the merchandise.

So with this thought in mind we approach a consideration of the evidence here in order to ascertain whether the facts disclose a hostile fire.

It appears that the building in which it is claimed that the damage occurred to the merchandise was a store facing on what is known as Main street in Nampa, Idaho, with a basement, main floor and balcony and a furnace room situated in a small inclosure with doors of entrance from the alley. The building was heated from a fire in the furnace. A regular janitor to attend the furnace was employed by the defendant, who operated it, and on the evening before April 1, 1941, at about 9 o'clock P. M. he was there and checked the furnace for the night, and did not notice anything unusual. He arrived the next morning between 7:30 and 8 o'clock A. M., stating that he thought it was about fifteen minutes to eight, and he entered the furnace room from the alley and found the door thereof standing ajar and pushed it open. He noticed that the lock on the door of the furnace room was broken and that the stoker was running and the fire was coming from the front door of the furnace and saw a hot blast of smoke through the door of the furnace and he stepped back and pulled the switch which stopped the stoker immediately and came out. He stated that he saw that the fire was coming out of the bottom door of the furnace, which was open, and rolling up the front of it until it came to the top of the furnace, which indicated that the furnace was hot.

The evidence discloses that the furnace door was open at the time the firemen arrived, and at another time when the Janitor arrived, and this could have occurred when considering the manner in which the furnace and heating plant were operated. When the firemen were at the furnace the stoker was not operating and the large quantities of smoke, soot and fly-ash found in the store would seem to have been created by the operation of the stoker and furnace, and were found before the Janitor arrived.

The evidence is clear that the firemen arrived at the store and the furnace room before the janitor and broke in the door of the store and found it full of smoke and there were no flames coming out of the furnace doors when the firemen arrived, and they closed the doors to the furnace and went up to the floors where the merchandise was located where another fireman had broken in the door to the store and found it full of smoke.

The place the janitor went to first was the furnace and he said that the stoker was running and that the fire was coming from the front of it and that he saw hot blasts of smoke coming through the door. The place where he saw the smoke coming was through the door of the furnace and the condition of the smoke when he went up in the store was very dense.

■ The basic point here is that nothing burned. There was not any type of combustion outside of the furnace, nor did the flames outside of the furnace ignite or burn any merchandise. The store was filled with smoke before the firemen found there was no flames coming from the furnace and before the janitor arrived. When the damage already had occurred, the consequence of which complaint is here made, resulted wholly from soot, smoke and fly-ash which originated from a friendly fire, and the loss and damage was not con-

templated by the contracts of insurance, the insured cannot recover. Should the insured desire any protection of damage caused by smoke, soot and flyash, it could have secured that by paying the extra premium. This it did not do.

Findings and decree will be presented.